WALTER v. ROWLAND. (No. 5718.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 15, 1916. Rehearing Denied Dec. 13, 1916.)

1. NEW TRIAL ⊜⟲152 — AMENDMENT OF MOTION—EFFECT.

The filing of an amended motion for new trial has the effect of eliminating the original motion, and no part of the original motion not contained in the amended motion can be considered.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 282; Dec. Dig. ⊜⟲152.]

2. APPEAL AND ERROR ⊜⟲994(2)—REVIEW—QUESTIONS OF FACT — CONFLICTING EVIDENCE.

It is no objection to answers of the jury based on conflicting evidence that the jury apparently gave more credit to witnesses of appellee than to those of appellant, as they have a right to do so.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3902, 3903; Dec. Dig. ⊜⟲994(2).]

3. INTEREST ⊜⟲18(1)—ACCOUNTS—ALLOWING INTEREST.

In action between two parties, each claiming a balance due from the other, where appellant is found to owe appellee a substantial sum, appellant cannot object to failure of trial court to allow interest on his account against appellee, where appellee has not been allowed interest on his account against appellant.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 32; Dec. Dig. ⊜⟲18(1).]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Joe J. Walter against W. J. Rowland. From a judgment for defendant, plaintiff appeals. Affirmed.

---

⊜⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Leo Tarlton and Ryan, Matlock & Reed, all of San Antonio, for appellant. Ben H. Kelly and Douglas Cater, both of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by appellant against appellee to recover certain personal property or its value. It was alleged that appellant leased to appellee about 100 acres of land for a year, that appellant furnished teams and food for them, that appellee bound himself to cultivate the land and plant thereon corn and the farm and vegetable products usually grown on farms in the vicinity, and furnish all labor necessary to raise and harvest all crops planted on the land, and to deliver to appellant one-half of all of said crops. It was alleged that it was also agreed that if any advances in money were made by appellant, they should bear interest at the rate of 10 per cent., and should be repaid out of the first part of the crop belonging to appellee. It was further alleged that appellant had fully complied with the terms of the contract and furnished appellee with two horses and three mules and the necessary farming implements and cash, groceries, and supplies in the sum of $132; that appellee planted about 40 acres in oats, about 30 acres in corn, and about 6 acres in sugar cane, and raised and gathered about 2,500 bales of oates, valued at $750, and about 24 tons of sugar cane of the value of $312, that no division of the crops had been made, but that corn, sugar cane, and hay had been removed from the land by appellee, and all the crops at that time on the land were of the value of $400. There was a prayer for the foreclosure of a landlord's lien, and a judgment for the property or its value. Appellee answered that he had raised a crop of oats of the value of $750, and cane, Johnson grass, and milo maize worth about $312, 700 bushels of corn worth about $525, amounting in the aggregate to $1,587, one-half of which belonged to appellee. He denied that appellant made any advances, and pleaded damages for the seizure under a distress warrant, amounts for caring for goats, gathering corn, hauling wood, and clearing land. The cause was submitted on special issues, and on the answers judgment was rendered for appellee in the sum of $350.

[1] Appellant filed a motion for new trial and afterwards filed an amended motion for new trial, but the first assignment of error is copied from the motion and is not found in the amended motion for new trial. The filing of the amended motion for new trial, as in the case of any other pleading, had the effect of eliminating the original motion, and nothing could be considered except what was pleaded in the amendment. Rule 14, Dist. and County Courts (142 S. W. xviii); Barrett v. Featherstone, 89 Tex. 579, 35 S. W. 11, 36 S. W. 245. The assignment of error will not be considered.

[2] The second and third assignments of error are very imperfectly drawn, and under a strict enforcement of the rules should not be considered. They assail the sufficiency of the evidence to sustain the answers of the jury as to the value of the different crops raised on the place. The evidence was conflicting and not as satisfactory as might be desired, but there was evidence to sustain the answer that the crops were of the value of $754.10. One witness at least swore that there were 35 acres of corn which made 20 bushels to the acre, that is 700 bushels, and that it was worth 75 or 80 cents a bushel. That would amount at the lower price to $525, and the cane was estimated at 75 bales of the value of 30 cents a bale, amounting to $22.50. Mrs. Rowland stated that there were 800 bales of oats of the value of 33 cents a bale, or the aggregate value of $264. There were 121 bales of milo maize, which was shown to be worth $13.15. All of these items added amount to $834.68, or $80.65 more than the sum found by the jury. The jury credited the witnesses of appellee, rather than those of appellant, which they had the right and authority to do.

The fourth assignment of error assails the answer of the jury to the issue as to whether appellee did any extra work for appellant, and if so its value, on the ground that there was no evidence to sustain the answer. The jury found that the extra work was done, and that its value was $113, the full amount claimed for it in the petition. There was evidence upon which the jury could base a verdict for the extra services.

The fifth assignment of error attacks the answer of the jury to the second question submitted to the jury, which was as to the value of appellee's extra services. The statement incorporated in the latter part of the assignment, as well as in a separate statement, refers to $27 worth of the crop appropriated by appellee, about which there was no finding by the jury. The assignment must be overruled.

[3] The sixth assignment of error complains of the amount, $350.25, for which judgment was rendered by the court, claiming that not only $121.20, the amount of advances found by the jury, should be deducted from one-half of the $740.50, the value of the crop appropriated, but that interest on the advances for two years, two months and eleven days, amounting to $26.25, should also have been deducted from appellee's half of the crop. No interest was prayed for by appellant. Nor does appellant show in his brief that any agreement as to interest was made, and if it should be held in spite of that fact that interest should be allowed, it would be for only 6 per cent., and it should also be allowed on the value of appellee's half of the crop as well as on the $113 allowed for extra services. Appellant is in no position to raise the question of interest.

The seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, and twentieth assignments of error are grouped, although referring to 14 different issues which appellant desired the court to submit to the jury. The only statement under the 14 assignments is a short excerpt from the testimony of five witnesses on different subjects. The assignments of error are overruled.

There is no assignment of error raising the question of the value of the crop appropriated by appellee, which appropriation was shown by appellee, still the court must have considered it in arriving at the amount of the judgment. The value of the crop used by appellee was shown to be $27, one-half of which belonged to appellee and the other half, $13.50, belonged to appellant, and it, together with the advances, must have been deducted from the $113 for extra work, and the value of appellee's one-half of the value of the whole crop appropriated by appellant. Appellant admits that under the findings of the jury appellee's half of the crop was $377.05, which, with the $113 for extra services, amounts to $490.05. Deducting from that sum the $134.20 owed by appellee, and there remains $356.85, or $5.60 more than appellee was allowed by the judgment.

The judgment is affirmed.