Ex parte Miguel EURESTE, Sr., Relator.

No. 13452.

Court of Civil Appeals of Texas, Austin.

April 8, 1981.

Virginia San Miguel, West Texas Legal Services, San Angelo, for relator.

PHILLIPS, Chief Justice.

Relator, Miguel Eureste, Sr., filed with this Court an original petition for a writ of habeas corpus seeking discharge from the custody of the sheriff of McCulloch County. Upon presentation of relator's petition, this Court granted the writ and ordered that he be released on bond. We now order the relator discharged.

Miguel Eureste, Sr., was divorced from his wife, Esther Eureste, on November 1, 1979. He was ordered to pay $85.00 twice a month for child support payments. Esther Eureste filed a motion for contempt, alleging that Miguel Eureste, Sr., had failed to make full child support payments as ordered in the divorce decree. A hearing was held on October 2, 1980, and both Esther Eureste and Miguel Eureste, Sr., were present. The judge did not find Miguel Eureste, Sr., in contempt at this time but ordered him to pay the child support and to begin to repay the past-due child support at the rate of $15.00 twice a month. Thus, Miguel was to pay $100.00 to Esther on the 5th and on the 20th of each month. The court found the relator to be $1600.00 in arrears for the past-due child support.

The judge then set another hearing for December 15, 1980. The trial judge told Miguel that "I would rather see the money come in than see you in jail." He was also told that he would receive no further notice of the December 15, 1980, hearing. Following the first hearing, the trial judge entered an order on October 4, 1980, stating that Miguel was to make the above payments and that "all parties are ordered to appear [on December 15, 1980] ... to show that the orders of this Court have been complied with or further hearing in this matter."

Miguel did not appear at the December 15th hearing. Esther testified in court that Miguel had not made any payments to her since the October 2 hearing. The judge then found Miguel in contempt of the October 4, 1980, order and sentenced him to 90 days in jail.

Miguel claims that the notice that he received at the October 2, 1980, hearing was not sufficient notice required by due process of law. We agree.

Any notice that Miguel received for the October 2, 1980, hearing cannot be considered proper notice for the subsequent hearing on December 15, 1980. *Ex Parte Peterson*, 444 S.W.2d 286 (Tex.1969). Miguel could not violate the October 4, 1980, order until the first payment was due, on October 5, 1980.

■ Texas courts have been very strict in requiring proper notice be given before a person may be held in contempt for actions done outside the presence of the court. *See Ex Parte Gordon*, 584 S.W.2d 686 (Tex. 1979); *Ex Parte Edgerly*, 441 S.W.2d 514 (Tex.1969). The notice must contain "full and complete notice of the subject matter and . . . when, how, and by what means the defendant has been guilty of the alleged defect." *Ex Parte Edgerly, supra* at 516. The "notice" given in this case did not allege when the order was violated or how the order was violated.

■ When proper notice is not given, then the contempt order is invalid. *Ex Parte Gordon, supra.* Miguel was not notified of any of the alleged violations of the October 4, 1980, order for which he was held in contempt, and therefore the contempt order is void.

The relator is ordered discharged.