**Ex parte Bobby Lynn STEPHENS.**

**No. 2–87–076–CV.**

Court of Appeals of Texas, Fort Worth.

Aug. 12, 1987.

Scott Schearer, Dallas, for appellant.

Bill J. Butcher, Fort Worth, for appellee.

Before FARRIS, KELTNER and LATTIMORE, JJ.

## ORIGINAL PROCEEDING

## OPINION

KELTNER, Justice.

This proceeding is Bobby Lynn Stephens' original application for a writ of habeas corpus attacking an order of contempt for failure to pay child support.

Stephens is ordered discharged.

Stephens and his ex-wife, Betty, were divorced in 1978. In the decree of divorce, relator was ordered to pay "child support" for two children in the amount of $70.00 per week, the first payment beginning on August 4, 1977,[1] with a like payment being due on each Friday thereafter.

In December 1986, Betty filed a "Motion For Contempt." The motion alleged that relator failed to make child support payments in the amount of $280.00 for the months of January 1986, February 1986, March 1986, April 1986, September 1986 and October 1986. (Obviously, the motion was prepared on the assumption that each of the months alleged had 4 Fridays. However, January had 5, February had 4, March had 4, April had 4, September had 4, and October had 5. As a result, the motion for contempt impliedly forgave Stephens two weeks child support.) The motion also alleged that Stephens was $19,620.00 in arrears in child support through November 1986.[2]

On April 14, 1987, the trial court entered a written judgment of contempt, finding Stephens had violated the prior court order by failing to pay child support on the following dates: January 3, 10, 17, 24 and 31, 1986; February 7, 14, 21 and 28, 1986; March 7, 14, 21 and 28, 1986; April 4, 11, 18, and 25, 1986; September 5, 12, and 26, 1986; October 3, 10, 17, 24 and 31, 1986. Total punishment for the contempt was assessed at confinement in the county jail for 180 days,[3] or until he paid "sufficient sums of money toward the arrearage to warrant his release, said amount to be determined by the Court," or until ordered by the court to be released.

■ For this court to order the release of relator, the trial court's judgment holding relator in contempt must be void, either because it was beyond the power of the court or because it deprived the relator of his liberty without due process. *See Ex parte Barnett,* 600 S.W.2d 252, 254 (Tex. 1980). Stephens does not challenge the trial court's jurisdiction. All of his arguments are based upon due process violations.

■ First, Stephens alleges that he was denied adequate notice of the specific contemptuous acts that he committed, in violation of TEX.FAM.CODE ANN. sec. 14.-31(b)(1) (Vernon Supp.1987). Stephens contends there is a fatal variance between the allegations of non-payment contained in the motion for contempt and show cause order, and the payments required by the divorce decree. Specifically, the divorce decree required weekly payments of $70.00 each, whereas the motion and show cause order alleged non-payment of six monthly payments of $280.00 each.

At the outset, we note that Stephens did not make any special exceptions requesting further notice of the charges against him. Therefore, we hold that Stephens' complaint that the motion for contempt and show cause order lacked specificity is waived, because he failed to properly object at the trial court. *See Ex parte Blackmon,* 529 S.W.2d 570, 573 (Tex.Civ.App.—

---

1. The year 1977 is contained in the divorce decree, notwithstanding the fact that the divorce was not granted until 1978. (The dates in the decree are not challenged.)

2. The record does not reveal any further information about this arrearage. Although the trial court found relator "willfully refused to make payments of child support in such a way and manner that an arrearage of $19,620.00 has ac-

cumulated as of November 25, 1986," relator was not held in contempt for this action and no punishment was assessed pertaining to this allegation.

3. Punishment was assessed at seven days confinement for each of the first 24 violations, and 12 days confinement for the October 31, 1986 violation, for a total of 180 days.

Houston [1st Dist.] 1975, no writ); *Ex parte Woodruff*, 483 S.W.2d 951, 954 (Tex. Civ.App.—Texarkana), *writ dism'd w.o.j.*, 487 S.W.2d 692 (Tex.1972).

Therefore, we overrule Stephens' first complaint.

■ Second, Stephens contends that his incarceration is illegal because the order of commitment held him in contempt for failing to pay on specific dates, while the motion alleged that he failed to pay during specific months. Additionally, Stephens claims that the motion alleged only six acts of contempt while the order held him in contempt for twenty-five separate acts.

We do not agree with Stephens' interpretation of the motion. As stated above, the motion recited the child support provisions of the decree and when Stephens violated the decree by non-payment. In the next paragraph, it states the time period for which Stephens did not pay. A reading of the entire motion reveals that twenty-five separate acts are alleged.

The trial court, in accordance with section 14.33 of the Family Code, properly made specific findings on Stephens' failure to pay on a weekly basis. *See* TEX.FAM. CODE ANN. sec. 14.33 (Vernon 1986). Section 14.33 provides that the court's order must contain specific findings setting out the provisions of the underlying decree which the relator violated and the "time, date, and place of each and every occasion on which the respondent failed to comply with such provision, and setting out the relief awarded by the court." As stated above, the decree in the instant case ordered Stephens to pay child support weekly. Therefore, pursuant to the underlying decree, the court was required to enter a contempt order for the individual weekly acts of contempt.

Stephens argues that the trial court is without power to divide one contemptuous act as alleged in a motion for contempt into separate and distinct contemptuous acts. Our Supreme Court so held in *Ex parte Genecov*, 143 Tex. 476, 186 S.W.2d 225, 226

(1945). We note that section 14.33 was not enacted until 1985, approximately forty years after the *Genecov* case. We have not located any cases construing this 1985 statute. However, pursuant to our interpretation of this statute, the trial court was required to make the findings that it made. Stephens' second complaint is overruled.

■ Third, Stephens contends that the court's findings of contempt are totally unfounded. Specifically, Stephens contends that the court found that the payments were not made as ordered, while the records of the child support office show that the payments were made, but not timely made. Our record does not reflect that the records of the child support office were entered as an exhibit at the trial.[4] Therefore, we must look to the statement of facts for any evidence supporting the arrearage.

At the contempt hearing, there were two witnesses: Betty and Stephens. Betty alleged that Stephens was in arrears and testified that during the months alleged in her petition, she did not receive any payments from Stephens "outside of those payments that he's made through the Child Support office." The record is silent as to whether she ever received payments for those months through the child support office.

On the other hand, Stephens testified that for the year 1986 he paid "two eighty times twelve." He asserted that at one time he was $590.00 in arrears for 1986, but prior to the contempt hearing he paid that amount.

It is obvious from the record that the trial court held Stephens in contempt for his delinquency or failure to timely pay. However, such a finding is not supported by the pleadings. Pursuant to the pleadings in the instant case, the trial court only had power to hold Stephens in contempt for non-payment, and not for failure to timely pay.

4. A copy of the child support office record is attached to Stephens' pleadings on appeal, but it is not provided by the trial court as an exhibit. We note that the child support record appears to have an exhibit sticker attached, but because of the darkness of the label, it is illegible.

As a result, we conclude that the evidence does not support the contempt judgment. No evidence was introduced at trial to show that Stephens was in arrears. The only evidence introduced was that he failed to timely pay. However, this was not the basis for the motion for contempt.[5] Absent evidence in support of the allegations in Betty's petition for contempt, we hold the judgment is void. *See Ex parte Davila*, 718 S.W.2d 281, 282 (Tex.1986); *Ex parte Bethurum*, 153 Tex. 563, 272 S.W.2d 85, 87 (Tex.1954). Stephens' third complaint is sustained.

Accordingly, Stephens is ordered discharged.

---

**5.** However, it is clear that consistent failure to timely pay support payments may be the basis for contempt. *See In re Miller*, 584 S.W.2d 907, 908 (Tex.Civ.App.—Dallas 1979, no writ).