**Ex parte Donnie Hughes THOMPSON, Relator.**

No. 13–91–017–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 7, 1991.

Donnie Thompson, Harlingen, for relator.

Peter C. Gilman, Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and HINOJOSA, JJ.

## OPINION

SEERDEN, Justice.

Relator, Donnie Hughes Thompson, petitions this Court for a writ of habeas corpus, complaining that he is illegally confined for contempt of a prior order to pay child support. Upon examination of the petition we ordered relator released on bond pending resolution of this case. We now order relator discharged.

A 1985 divorce decree obligated relator to make child support payments of $200.00 on the 15th day of every month to his ex-wife, Nancy Elizabeth Thompson. In the summer of 1990 relator and his ex-wife each filed motions to modify the decree, and on November 5, 1990, the trial court signed an order modifying the child support obligation by · increasing relator's monthly payments to $350.00, with the first payment being due on November 1, 1990, and subsequent payments to be due on the first day of each month thereafter.

On November 16, 1990 the ex-wife brought a Motion to Enforce by Contempt, in which she alleged that relator had violated, and she believed would continue to violate, the November 5, 1990 modified order. However, she subsequently filed a First Amended Motion to Enforce Order by Contempt, by which she then sought to enforce the original 1985 divorce decree, alleging. that relator failed to pay the $200.00 obligation in October, November and December of 1990. On January 4, 1990 relator specially excepted to these motions for failure to comply with Tex.Fam.Code Ann. § 14.311 (Vernon Supp.1991).

The Civil Docket sheet reveals that on January 11, 1991 the trial court held relator in contempt for failure to pay child support for the months of October, November and December 1990, and ordered that he be confined for 30 days, conditioning his release upon payment of $1,050.00 in arrearages plus attorney's fees. No further written orders are apparent in the record brought by relator.[1]

By his Application for Writ of Habeas Corpus relator complains generally that he is unable to determine whether he was alleged to have violated the provisions of the original divorce decree or the modified order, because of the inconsistency between the motion and amended motion for contempt.

Relator initially complains that the original motion did not comply with Tex.Fam. Code Ann. § 14.311(a) & (b) (Vernon Supp. 1991), which governs the contents and specificity of such motions as follows:

(a) Information. A motion under this subchapter must give the respondent, in ordinary and concise language, notice of the provisions of the final order, decree, or judgment sought to be enforced, the manner of noncompliance, and the relief sought by the movant.

(b) Child Support Order. If enforcement of a child support order is sought, the motion must state the amount owed under the terms of the order, the amount paid, and the amount of arrearage....

In addition, Tex.Fam.Code Ann. § 14.312(a) (Vernon Supp.1991), specifically provides with regard to motions for contempt:

(a) Child Support. If contempt for failure to pay child support is sought, the motion must allege the portion of the order allegedly violated and must specify as to each date of alleged contempt the amount due and the amount paid, if any.

■ In the present case, however, the filing of an amended motion, as with any other amendment of pleadings, has the effect of eliminating the original motion, and only the new motion will be considered. See Walter v. Rowland, 189 S.W. 981, 982 (Tex.Civ.App.—San Antonio 1916, writ ref'd); 51 Tex.Jur.3d Motion Procedure § 6 (1986); Tex.R.Civ.P. 65. Therefore, the only live pleading was the amended motion seeking to enforce by contempt the provisions of the original divorce decree. This amended motion, moreover, does state the portion of the original order allegedly violated and specify the amounts due and unpaid for each month, in compliance with Family Code sections 14.311 and 14.312.

■ Relator also complains, however, that the trial court's judgment of contempt was void because it was based on allegations made in the superseded original motion which relied upon the modified order. A correct motion would have alleged both violation of the original decree for payments missed before the November 5, 1990 modification, and violation of the modified order for payments missed thereafter. The present amended motion, however, relied exclusively upon the original divorce decree. Therefore, it was improper for the trial court to hold relator in contempt for failure to pay support for November and December 1990, when the provisions of the original decree for $200.00 in child support had been modified and were no longer in effect. See Ex parte Grothe, 581 S.W.2d 296 (Tex.Civ.App.—Austin 1979, original proceeding); Ex parte Deckert, 559 S.W.2d 847, 849 (Tex.Civ.App.—Houston [1st Dist.] 1977, original proceeding). In addition, the trial court's finding that relator could be released upon payment of $1,050 in arrearages is consistent with the modified order for $350 per month child support for three months, but inconsistent with the original decree of $200 per month as requested and relied upon in the amended motion.

If one punishment is assessed for more than one act of contempt, and one act is not

---

1. We note that a trial court has no authority to verbally order a person confined for contemptuous acts committed outside the presence of the court. In order to satisfy due process requirements, both a written judgment of contempt and a written commitment order are necessary to imprison a person for civil constructive contempt of court. Ex parte Calvillo Amaya, 748 S.W.2d 224 (Tex.1988); Ex parte Barnett, 600 S.W.2d 252 (Tex.1980). However, in the present case, relator does not complain of the lack of a written judgment or commitment order.

punishable by contempt, the entire judgment is void. *Ex parte Davila,* 718 S.W.2d 281 (Tex.1986); *Ex parte Lee,* 704 S.W.2d 15, 17 (Tex.1986); *Ex parte Wood,* 675 S.W.2d 346 (Tex.App.—Waco 1984, original proceeding); *Ex parte Oebel,* 635 S.W.2d 454, 456 (Tex.App.—San Antonio 1982, original proceeding); *Cf. Ex parte Linder,* 783 S.W.2d 754, 758 (Tex.App.—Dallas 1990, original proceeding) (where the trial court lists each act separately and assesses a separate punishment for each, only the invalid portion is void); *Ex parte Mulkey,* 776 S.W.2d 308, 310–11 (Tex.App.—Houston [1st Dist.] 1989, original proceeding). In the present case, failure to make the November and December child support payments was not punishable as contempt of the original decree. Punishment was nevertheless assessed at 30 days' confinement for all three months. Therefore, even if the amended motion may have been sufficient to allow the trial court to hold relator in contempt for failure to pay in October, failure to assess separate punishments makes the entire judgment void.

In addition, under the circumstances of the present case, by failing to distinguish between the original and modified orders and state which it relied upon, the trial court's judgment of contempt fails to comply with the requirements of Tex.Fam.Code Ann. § 14.33(a) (Vernon Supp.1991), to specify the provisions of the final order for which enforcement was sought, and leaves relator justifiably confused as to which of the two orders he is presently being held in contempt for violating. *See Ex parte Benitez,* 590 S.W.2d 704, 707 (Tex.1979).

The relator is ordered DISCHARGED.