COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-05-103-CV
 
 
 
IN 
RE
 
 
GREGORY 
MANN
 
 
 
------------
 
ORIGINAL 
PROCEEDING
 
------------
 
OPINION
 
------------
I.      Introduction
        Relator, 
Gregory Mann, seeks a writ of habeas corpus. The 325th District Court 
of Tarrant County held Gregory in contempt for failing to pay child support and 
sentenced him to 180 days in jail as a punitive measure. In two issues, Gregory 
contends that the motion for contempt failed to provide the notice required by 
the Texas Family Code, and that the trial court’s contempt judgment is void 
for lack of specificity. We will sustain Gregory’s first issue and grant his 
writ of habeas corpus.
II.     Procedural 
background
        Real 
Party in Interest, Dawn Mann, sued Gregory for divorce. The trial court signed 
interim orders requiring Gregory to pay child support. There are two such orders 
involved in this case. The trial court signed “Additional Interim Temporary 
Orders” on September 17, 2004. In those orders, the court ordered Gregory to 
pay $326.16 per month in child support retroactive to June 1, 2004 (the date of 
the hearing on the temporary orders). On January 20, 2005, the trial court 
signed “Temporary Orders” that reduced Gregory’s child support obligation 
to $160.00 per month. Again, the order was retroactive to the date of the 
hearing, September 17, 2004.
        On 
February 11, 2005, Dawn filed her “Amended Motion for Enforcement and Order to 
Appear.” With regard to child support, the motion alleged the following:
  
On September 17, 2004, in Cause No. 325-367157-04, styled “In the Matter of 
the Marriage of Dawn Mann and Gregory Mann and in the Interest of Dorothy Claire 
Mann,” in the 325th Judicial District Court of Tarrant County, the 
Court signed an order that appears in the minutes of the Court at volume ___, 
page ___, and states in relevant part as follows: IT IS ORDERED that Gregory 
Mann pay to Dawn Mann for the support of Dorothy Claire Mann $326.16 per month, 
with the first payment being due and payable on June 1, 2004 and a like payment 
being due and payable on the 1st day of each month thereafter until 
further order of this court.
 
 
The 
motion contained a chart listing the date each child support payment was due, 
how much Gregory paid, and when he paid it. The chart correctly shows that 
$326.16 was due each month from June through September 2004, and that $160 was 
due each month in October and December 2004 through February 2005. The chart 
omits November without explanation. But nowhere does the motion refer to the 
January 20, 2005 temporary orders.
        The 
trial court’s associate judge held a hearing on Dawn’s motion on February 
17, 2005. Gregory appeared in person and through his attorney. He waived his 
Fifth Amendment right against self-incrimination and testified. Gregory admitted 
that he had made only one $250 support payment as of the date of the hearing.
        The 
trial court announced its decision on the record and held Gregory in contempt 
for failing to make the February 1, 2005 support payment. The court found that 
the other missed payments were not contemptible “[b]ecause of all the 
bankruptcies that were filed and the delays in us being able to sign any 
orders.”
        On 
February 17, the trial court signed a fill-in-the-blank contempt judgment. The 
court specifically found that Gregory was ordered on January 20, 2005 to make 
child support payments, and that he was able to make but failed to make the $160 
payment due on February 1, 2005. The court ordered Gregory confined to the 
Tarrant County Jail for 180 days. The court’s judgment states that “[t]he 
Court SPECIFICALLY intends this commitment to be punitive (and coercive) in 
nature” and ordered Gregory to serve the full term of the sentence.
        The 
trial court signed a type-written amended contempt judgment on February 18. The 
amended judgment essentially reiterates the findings in the original judgment. 
The pertinent part provides as follows:
  
The Court FURTHER FINDS that on January 20, 2005, Respondent, Gregory Mann, was 
ordered to make periodic payments for the support of [his daughter].
 
The 
Court FURTHER FINDS specifically that Respondent failed to pay and was able to 
pay a periodic child support payment on February 1, 2005.

        . 
. . .
 
The 
Court SPECIFICALLY intends this commitment to be punitive in nature. 
Accordingly, the Court FINDS Respondent should remain in jail until Respondent 
serves the full jail term of 180 calendar days in the Tarrant County Jail.
   
        Gregory 
was taken into custody on February 17, 2005. He filed his petition for writ of 
habeas corpus on March 16, 2005. We granted temporary relief on March 18 and 
requested a response from Dawn.
 III.    Discussion
        In 
his first issue, Gregory argues that the trial court’s contempt judgment is 
void because it holds him in contempt for violating an order other than the one 
identified in the motion to enforce. Dawn responds that Gregory waived his 
complaint because he failed to raise it in the trial court.
        An 
original habeas corpus proceeding is a collateral attack on the contempt 
judgment. In re Bielefeld, 143 S.W.3d 924, 927 (Tex. App.—Fort Worth 
2004, orig. proceeding) (op. on reh’g). We review a petition for writ of 
habeas corpus to determine if the order of commitment is void, either because it 
was beyond the power of the court to enter or because the contemnor was not 
afforded due process. Id. Guilt or innocence of the relator is not an 
issue; the only issue concerns the lawfulness of the relator’s imprisonment. Id.
        Among 
the due process rights accorded an alleged contemnor is the right to reasonable 
notice of each alleged contumacious act. Ex parte Barlow, 899 S.W.2d 791, 
797 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding). Texas 
courts have been very strict in requiring that proper notice be given before a 
person may be held in contempt for actions done outside the presence of the 
court. Ex parte Eureste, 614 S.W.2d 647, 648 (Tex. Civ. App.—Austin 
1981, orig. proceeding). When proper notice is not given, then the contempt 
order is invalid. Id.
        Section 
157.002 of the Family Code sets out the notice requirements for a motion to 
enforce a child support order:
   
(a) A motion for enforcement must, in ordinary and concise language:
 
(1)identify 
the provision of the order allegedly violated and sought to be enforced; . . .
  
(b) 
A motion for enforcement of child support:
 
(1)must 
include the amount owed as provided in the order, the amount paid, and the 
amount of arrearages;
 
(2)if 
contempt is requested, must include the portion of the order allegedly 
violated and, for each date of alleged contempt, the amount due and the 
amount paid, if any; . . . .
 
 
Tex. Fam. Code Ann. § 157.002 (Vernon 
2002)(emphasis added).
        In 
this case, Dawn’s amended motion to enforce “included the portion” of the first 
child support order allegedly violated, but not the second child support 
order. As such, the motion did not comply with the mandatory notice requirements 
of § 157.002(b)(2) with regard to violations of the second child support order.
        One 
might argue that the motion’s chart of missed payments was enough to put 
Gregory on notice that Dawn sought enforcement and contempt for the second 
order; after all, the chart lists the $160 payments Gregory failed to make under 
the second order. But section 157.002(b)(2) requires such a list of missed 
payments and inclusion of the “portion of the order allegedly 
violated.” Id. Under a strict analysis—even under a loose 
analysis—the motion to enforce failed to meet the statutory notice 
requirements.
        The 
trial court specifically held Gregory in contempt for violating the second child 
support order. Gregory did not receive statutory notice of alleged violations of 
the second order. Gregory was deprived of his due process right and the trial 
court’s order is void.
        The 
facts in Ex parte Thompson are similar to those in our case. 803 S.W.2d 
876 (Tex. App.—Corpus Christi 1991, orig. proceeding). In Thompson, the 
trial court ordered relator to pay $200 per month in child support. Id. 
The trial court later increased that obligation to $350 per month. Id. 
When relator failed to make payments, his wife filed a motion to enforce and 
hold relator in contempt. Id. She specifically alleged that relator 
failed to comply with the second, $350 per month order. Id. The wife then 
filed an amended motion to enforce, this time alleging that relator violated the 
original, $200 per month order. Id. The trial court conducted a hearing 
on the amended motion and held relator in contempt for failing to make support 
payments under the second, $350 per month order. Id. at 877. Relator 
filed a petition for habeas corpus. Id. The court of appeals held that 
the trial court’s contempt judgment was void because it held relator in 
contempt for violating the second order, but the wife’s amended motion 
alleged violation of the first order. Id. A correct motion would 
have alleged both violation of the original order and the modified order. Id.
        Likewise, 
a correct motion in this case would have alleged violations of both the first 
and second child support orders. A correct motion would have included the 
relevant portions of both child support orders, not just the original order. Had 
Dawn filed a correct motion, the trial court’s judgment would not be void.
        Dawn 
argues that Gregory waived any complaint about her motion to enforce by failing 
to specially except to the motion in the trial court. We disagree.
        Dawn 
cites as authority for her waiver argument family code section 157.064 and rules 
of civil procedure 90 and 91. Section 157.064 of the Family Code allows but does 
not require a respondent to specially except to a motion for enforcement:
   
(a) If a respondent specially excepts to the motion for enforcement or moves to 
strike, the court shall rule on the exception or the motion to strike before it 
hears the motion for enforcement.
   
(b) 
If an exception is sustained, the court shall give the movant an opportunity to 
replead and continue the hearing to a designated date and time without the 
requirement of additional service.
   
Tex. Fam. Code Ann. § 157.064 (Vernon 
2002). Rule 90, on the other hand, provides in part that “[e]very defect . . . 
in a pleading . . . which is not specifically pointed out by exception . . . in 
the trial court . . . shall be deemed to have been waived.” Tex. R. Civ. P. 90. Rule 91 requires 
that special exceptions point out with particularity the defect in the pleading 
excepted to. Tex. R. Civ. P. 91.
        Dawn 
cites no cases relevant to her argument, but we have found several. Foremost 
among these is Ex parte Barlow, in which the Houston (fourteenth) court 
specifically rejected a waiver argument identical to Dawn’s. Barlow, 
889 S.W.2d at 796-98. The Barlow court noted that “[t]his argument has 
no place in an original proceeding. Terms such as ‘waiver’ and 
‘preservation’ apply to appeals,” not original proceedings. Id. at 
796.
   
Further, the Texas Family Code does not require “special exceptions” or 
other objections as a predicate for a complaint about inadequate notice; rather 
it requires that a specific type of notice be given in enforcement and contempt 
motions. While section [157.064] does state that an alleged contemnor may file “special exceptions” to a motion 
to enforce, it does not require it, unlike [Tex. R. Civ. P.] 90 which does require 
an objection to preserve pleadings defects for appeal. The Texas Legislature 
purposefully placed precatory language in section [157.064]; if it had desired 
to make that section mandatory, it could have easily done so.
  
 
Id. 
at 797.
        We 
agree with Barlow. We hold that a relator need not specially except to a 
defective motion to enforce to complain of lack of notice in a subsequent 
petition for writ of habeas corpus.
        The 
Barlow court was sharply critical of three other cases that reached the 
opposite conclusion. Id. at 796. One of those cases was Ex parte 
Stephens, 734 S.W.2d 761 (Tex. App.—Fort Worth 1987, orig. proceeding). We 
acknowledge that language in Stephens is contrary to the result we reach 
today. See id. at 762-63. But that language was dicta; the Stephens 
court granted a writ of habeas corpus on other grounds. Id. at 764. 
Therefore, we are not bound by Stephens with regard to the question of 
waiver, nor must we overrule Stephens to reach the conclusion we reach 
today. See Edwards v. Kaye, 9 S.W.3d 310, 314 (Tex. App.—Houston [14 
Dist.] 1999, pet. denied) (“Dictum is not binding as precedent under stare 
decisis.”).
        We 
sustain Gregory’s first issue. Because our ruling on his first issue is 
dispositive of his petition, we need not consider his second issue. See Tex. R. App. P. 47.1. We grant 
Gregory’s petition for writ of habeas corpus and order him released from bond 
and discharged from custody.
  
  
                                                          ANNE 
GARDNER
                                                          JUSTICE
    
 
PANEL 
B:   LIVINGSTON, GARDNER, and WALKER, JJ.
 
DELIVERED: 
May 5, 2005