IN RE GREGORY MANN

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-103-CV

IN RE 

GREGORY MANN 

------------

ORIGINAL PROCEEDING

------------

OPINION

------------

Introduction

Relator, Gregory Mann,  seeks a writ of habeas corpus.  The 325
th
 District Court of Tarrant County held Gregory in contempt for failing to pay child support and sentenced him to 180 days in jail as a punitive measure.  In two issues, Gregory contends that the motion for contempt failed to provide the notice required by the Texas Family Code, and that the trial court’s contempt judgment is void for lack of specificity.  We will sustain Gregory’s first issue and grant his writ of habeas corpus.

Procedural background

Real Party in Interest, Dawn Mann, sued Gregory for divorce.  The trial court signed interim orders requiring Gregory to pay child support.  There are two such orders involved in this case.  The trial court signed “Additional Interim Temporary Orders” on September 17, 2004.  In those orders, the court ordered Gregory to pay $326.16 per month in child support retroactive to June 1, 2004 (the date of the hearing on the temporary orders).  On January 20, 2005, the trial court signed “Temporary Orders” that reduced Gregory’s child support obligation to $160.00 per month.  Again, the order was retroactive to the date of the hearing, September 17, 2004. 

On February 11, 2005, Dawn filed her “Amended Motion for Enforcement and Order to Appear.”  With regard to child support, the motion alleged the following:

On September 17, 2004, in Cause No. 325-367157-04, styled “In the Matter of the Marriage of Dawn Mann and Gregory Mann and in the Interest of Dorothy Claire Mann,” in the 325
th
 Judicial District Court of Tarrant County, the Court signed an order that appears in the minutes of the Court at volume ___, page ___, and states in relevant part as follows: IT IS ORDERED that Gregory Mann pay to Dawn Mann for the support of Dorothy Claire Mann $326.16 per month, with the first payment being due and payable on June 1, 2004 and a like payment being due and payable on the 1
st
 day of each month thereafter until further order of this court.

The motion contained a chart listing the date each child support payment was due, how much Gregory paid, and when he paid it.  The chart correctly shows that $326.16 was due each month from June through September 2004, and that $160 was due each month in October and December 2004 through February 2005.  The chart omits November without explanation.  But nowhere does the motion refer to the January 20, 2005 temporary orders. 

The trial court’s associate judge held a hearing on Dawn’s motion on February 17, 2005.  Gregory appeared in person and through his attorney.  He waived his Fifth Amendment right against self-incrimination and testified. Gregory admitted that he had made only one $250 support payment as of the date of the hearing. 

The trial court announced its decision on the record and held Gregory in contempt for failing to make the February 1, 2005 support payment.  The court found that the other missed payments were not contemptible “[b]ecause of all the bankruptcies that were filed and the delays in us being able to sign any orders.” 

On February 17, the trial court signed a fill-in-the-blank contempt judgment.  The court specifically found that Gregory was ordered on January 20, 2005 to make child support payments, and that he was able to make but failed to make the $160 payment due on February 1, 2005.  The court ordered Gregory confined to the Tarrant County Jail for 180 days.  The court’s judgment states that “[t]he Court SPECIFICALLY intends this commitment to be punitive (and coercive) in nature” and ordered Gregory to serve the full term of the sentence.

The trial court signed a type-written amended contempt judgment on February 18.  The amended judgment essentially reiterates the findings in the original judgment.  The pertinent part provides as follows:

The Court FURTHER FINDS that on January 20, 2005, Respondent, Gregory Mann, was ordered to make periodic payments for the support of [his daughter].

The Court FURTHER FINDS specifically that Respondent failed to pay and was able to pay a periodic child support payment on February 1, 2005. 

. . . .

The Court SPECIFICALLY intends this commitment to be punitive in nature.  Accordingly, the Court FINDS Respondent should remain in jail until Respondent serves the full jail term of 180 calendar days in the Tarrant County Jail. 

Gregory was taken into custody on February 17, 2005.  He filed his petition for writ of habeas corpus on March 16, 2005.  We granted temporary relief on March 18 and requested a response from Dawn.

Discussion

In his first issue, Gregory argues that the trial court’s contempt judgment is void because it holds him in contempt for violating an order other than the one identified in the motion to enforce.  Dawn responds that Gregory waived his complaint because he failed to raise it in the trial court.

An original habeas corpus proceeding is a collateral attack on the contempt judgment. 
 In re Bielefeld
, 143 S.W.3d 924, 927 (Tex. App.—Fort Worth 2004, orig. proceeding) (op. on reh’g).  We review a petition for writ of habeas corpus to determine if the order of commitment is void, either because it was beyond the power of the court to enter or because the contemnor was not afforded due process.  
Id.
  Guilt or innocence of the relator is not an issue; the only issue concerns the lawfulness of the relator’s imprisonment.  
Id.
  

Among the due process rights accorded an alleged contemnor is the right to reasonable notice of each alleged contumacious act.  
Ex parte Barlow
, 899 S.W.2d 791, 797 (Tex. App.—Houston [14
th
 Dist.] 1995, orig. proceeding).  Texas courts have been very strict in requiring that proper notice be given before a person may be held in contempt for actions done outside the presence of the court.  
Ex parte Eureste
, 614 S.W.2d 647, 648 (Tex. Civ. App.—Austin 1981, orig. proceeding).  When proper notice is not given, then the contempt order is invalid.  
Id.

Section 157.002 of the Family Code sets out the notice requirements for a motion to enforce a child support order:

(a) A motion for enforcement must, in ordinary and concise language:

(1) identify the provision of the order allegedly violated and sought to be enforced; . . . 

(b) A motion for enforcement of child support:

(1) must include the amount owed as provided in the order, the amount paid, and the amount of arrearages;

(2) if contempt is requested, 
must include the portion of the order allegedly violated
 and, for each date of alleged contempt, the amount due and the amount paid, if any; . . . .

Tex. Fam. Code Ann.
 § 157.002 (Vernon 2002)(emphasis added).

In this case, Dawn’s amended motion to enforce “included the portion” of the 
first
 child support order allegedly violated, but not the 
second
 child support order.  As such, the motion did not comply with the mandatory notice requirements of § 157.002(b)(2) with regard to violations of the second child support order.

One might argue that the motion’s chart of missed payments was enough to put Gregory on notice that Dawn sought enforcement and contempt for the second order; after all, the chart lists the $160 payments Gregory failed to make under the second order.  But section 157.002(b)(2) requires such a list of missed payments 
and
 inclusion of the “portion of the order allegedly violated.”  
Id.
  
Under a strict analysis—even under a loose analysis—the motion to enforce failed to meet the statutory notice requirements.

The trial court specifically held Gregory in contempt for violating the second child support order.  Gregory did not receive statutory notice of alleged violations of the second order.  Gregory was deprived of his due process right and the trial court’s order is void.

The facts in 
Ex parte Thompson 
are similar to those in our case.  803 S.W.2d 876 (Tex. App.—Corpus Christi 1991, orig. proceeding).  In 
Thompson
, the trial court ordered relator to pay $200 per month in child support.  
Id.
  The trial court later increased that obligation to $350 per month.  
Id.
  When relator failed to make payments, his wife filed a motion to enforce and hold relator in contempt.  
Id.
   She specifically alleged that relator failed to comply with the second, $350 per month order.  
Id.
  The wife then filed an amended motion to enforce, this time alleging that relator violated the original, $200 per month order.  
Id.
  The trial court conducted a hearing on the amended motion and held relator in contempt for failing to make support payments under the second, $350 per month order.  
Id. 
at 877.  Relator filed a petition for habeas corpus.  
Id.
  The court of appeals held that the trial court’s contempt judgment was void because it held relator in contempt for violating the 
second
 order, but the wife’s amended motion alleged violation of the 
first
 order.  
Id.
  A correct motion would have alleged both violation of the original order and the modified order.  
Id.

Likewise, a correct motion in this case would have alleged violations of both the first and second child support orders.  A correct motion would have included the relevant portions of both child support orders, not just the original order.  Had Dawn filed a correct motion, the trial court’s judgment would not be void.

Dawn argues that Gregory waived any complaint about her motion to enforce by failing to specially except to the motion in the trial court.  We disagree.  

Dawn cites as authority for her waiver argument family code section 157.064 and rules of civil procedure 90 and 91.  Section 157.064 of the Family Code allows but does not require a respondent to specially except to a motion for enforcement:

(a) If a respondent specially excepts to the motion for enforcement or moves to strike, the court shall rule on the exception or the motion to strike before it hears the motion for enforcement.

(b) If an exception is sustained, the court shall give the movant an opportunity to replead and continue the hearing to a designated date and time without the requirement of additional service.

Tex. Fam. Code Ann.
 § 157.064 (Vernon 2002).  Rule 90, on the other hand, provides in part that “[e]very defect . . . in a pleading . . . which is not specifically pointed out by exception . . . in the trial court . . . shall be deemed to have been waived.”
  
Tex. R. Civ. P.
 90.  Rule 91 requires that special exceptions point out with particularity the defect in the pleading excepted to.  
Tex. R. Civ. P.
 91.

Dawn cites no cases relevant to her argument, but we have found several.  Foremost among these is 
Ex parte Barlow
, in which the 
Houston (fourteenth) court specifically rejected a waiver argument identical to Dawn’s
.  
Barlow
, 889 S.W.2d at 796-98.  The 
Barlow
 court noted that “[t]his argument has no place in an original proceeding.  Terms such as ‘waiver’ and ‘preservation’ apply to appeals,” not original proceedings.  
Id. 
at 796.

Further, the Texas Family Code does not require “special exceptions” or other objections as a predicate for a complaint about inadequate notice; rather it requires that a specific type of notice be given in enforcement and contempt motions.  While section [157.064] does state that an alleged contemnor 
may
 file “special exceptions” to a motion to enforce, it does not require it, unlike [
Tex. R. 
Civ. P.] 90 which does require an objection to preserve pleadings defects for appeal.  The Texas Legislature purposefully placed precatory language in section [157.064]; if it had desired to make that section mandatory, it could have easily done so.

Id.
 at 797.

We agree with 
Barlow.
  We hold that a relator need not specially except to a defective motion to enforce to complain of lack of notice in a subsequent petition for writ of habeas corpus.

The 
Barlow
 court was sharply critical of three other cases that reached the opposite conclusion.  
Id.
 at 796.  One of those cases was 
Ex parte Stephens
, 734 S.W.2d 761 (Tex. App.—Fort Worth 1987, orig. proceeding).  We acknowledge that language in 
Stephens 
is contrary to the result we reach today.  
See
 
id.
 at 762-63.  But that language was dicta; the 
Stephens
 court granted a writ of habeas corpus on other grounds.  
Id. 
at 764.  Therefore, we are not bound by 
Stephens 
with regard to the question of waiver, nor must we overrule 
Stephens
 to reach the conclusion we reach today.  
See Edwards v. Kaye, 
9 S.W.3d 310, 314 (Tex. App.—Houston [14 Dist.] 1999, pet. denied)
 
(“Dictum is not binding as precedent under stare decisis.”).
  

We sustain Gregory’s first issue.  Because our ruling on his first issue is dispositive of his petition, we need not consider his second issue.  
See
 
Tex. R. App. P.
 47.1.  We grant Gregory’s petition for writ of habeas corpus and order him released from bond and discharged from custody.

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DELIVERED:  May 5, 2005