

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-475-CV

IN RE JEFFERY SCOTT MADDIN                                      RELATOR

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

On November 26, 2008, the trial court confined Relator, Jeffery Scott Maddin, to the Cooke County Jail pursuant to an order holding him in contempt and directing his confinement.  On December 11, 2008, Maddin filed a petition for writ of habeas corpus seeking release from the Cooke County Jail, and the next day, this court ordered Maddin released on a $1,000 bond pending the outcome of this original proceeding.  *See* Tex. R. App. P. 52.8(b)(3).

------------

[1] *See* Tex. R. App. P. 47.4.

In this habeas corpus proceeding, Maddin complains that the trial court erred as a matter of law in holding him in contempt and ordering him confined for violating the trial court's September 22, 2008 letter ruling and the November 12, 2008 final decree of divorce; therefore, he contends he is being illegally confined and restrained. We grant his petition for writ of habeas corpus.

Real Party in Interest, Dianna Sue Darby, sued Maddin for divorce on November 15, 2006. On July 11, 2008, the trial court held a final hearing. On September 22, 2008, the trial court notified the parties by letter of its decision regarding the division of property and debts and provided that Darby's counsel was to prepare the divorce decree. Listed among the property to be awarded Darby was the real property located at 321 CR 211, Gainesville, Texas ("the Gainesville property"), a cattle trailer and flatbed, and a John Deere Gator. On October 21, 2008, Maddin entered the Gainesville property and removed the flatbed trailer and John Deere Gator.

The final decree of divorce rendered by the court on November 12, 2008 awarded Darby the exclusive use and possession of the Gainesville property and other property including the cattle trailer, flatbed, and John Deere Gator. On November 13, 2008, Darby filed a second amended motion for enforcement and contempt in which she alleged for the first time that Maddin entered onto

2

the Gainesville property and removed the flatbed trailer and John Deere Gator. Darby argued that Maddin's actions violated the trial court's September 22, 2008 letter ruling and the November 12, 2008 divorce decree. Alternatively, Darby argued that Maddin's actions violated the May 4, 2007 temporary orders which granted her the exclusive use and possession of the Gainesville property and "all of the property of the parties subject to this suit not specifically awarded to [Maddin] while this case is pending."

On November 26, 2008, the trial court found Maddin guilty of violating the court's September 22, 2008 letter and the November 12, 2008 final decree of divorce. The court also found Maddin in contempt and ordered that he be committed to the Cooke County Jail for "a period of 45 days with no credit for good time and . . . thereafter until all the property taken October 21, 2008 is returned."

Maddin first argues that the trial court erred as a matter of law in holding him in contempt and committing him to the county jail for allegedly violating the November 12, 2008 final decree of divorce because the contempt order finds that his actions occurred on October 21, 2008, prior to the entry of the divorce decree.

An original habeas corpus proceeding is a collateral attack on the contempt judgment. *See Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967)

3

(orig. proceeding); *In re Bielefeld*, 143 S.W.3d 924, 927 (Tex. App.—Fort Worth 2004, orig. proceeding) (op. on reh'g). A writ of habeas corpus will issue when the relator has not been afforded due process or when the order requiring confinement is void*. In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding). We review a petition for writ of habeas corpus to determine if the order of commitment is void, either because it was beyond the power of the court to enter or because the contemnor was not afforded due process. *See id.; Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding); *In re Mann*, 162 S.W.3d 429, 432 (Tex. App.—Fort Worth 2005, orig. proceeding); *Ex parte Casillas*, 25 S.W.3d 296, 298–99 (Tex. App.—San Antonio 2000, orig. proceeding); *Ex parte Friedman*, 808 S.W.2d 166, 168 (Tex. App.—El Paso 1991, orig. proceeding). Guilt or innocence of the relator is not an issue; the only issue concerns the lawfulness of the relator's imprisonment. *In re Mann*, 162 S.W.3d at 432.

Among the due process rights accorded an alleged contemnor is the right to reasonable notice of each alleged contumacious act. *Ex parte Barlow*, 899 S.W.2d 791, 797 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding). Texas courts have been very strict in requiring that proper notice be given before a person may be held in contempt for actions done outside the presence of the court. *Ex parte Eureste*, 614 S.W.2d 647, 648 (Tex. Civ. App.—Austin

1981, orig. proceeding). When proper notice is not given, then the contempt order is invalid. *Id.*

If this court concludes that a relator was deprived of his liberty without due process of law, or that the contempt and commitment orders are void, we must order the relator's release. *See In re Henry*, 154 S.W.3d at 596; *Ex parte Swate*, 922 S.W.2d 122, 124 (Tex. 1996) (orig. proceeding); *In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding).

A contempt order may not be based on an ambiguous order. *See Ex parte Price*, 741 S.W.2d 366, 367–68 (Tex. 1987) (orig. proceeding). In order for the trial court to punish a party for disobeying a written order, the order itself must be definite and certain. *See Ex parte Brister*, 801 S.W.2d 833, 834 (Tex. 1990) (orig. proceeding). To be enforceable by contempt, the written order must set forth the terms of compliance clearly and specifically so that the person charged with obeying the order will readily know exactly what duties and obligations are imposed on him. *Ex parte Acker*, 949 S.W.2d 314, 317 (Tex. 1997) (orig. proceeding); *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967) (orig. proceeding). Thus, to sentence a party to confinement for contempt of a prior court order, that order must have "unequivocally commanded" the party to perform the duties or obligations imposed on him. *Ex parte Padron*, 565 S.W.2d 921, 921 (Tex. 1978) (orig. proceeding). A written order that is

5

equivocal or susceptible to more than one interpretation is not punishable by contempt. *In re Houston*, 92 S.W.3d 870, 877 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding).

The contempt order at issue here clearly finds that Maddin violated the final decree of divorce when he took and retained property on October 21, 2008. However, it was not possible for Maddin to have violated the November 12, 2008 final decree of divorce because it was not in existence on October 21, 2008. A contemnor cannot be held in constructive contempt of court for actions taken before the trial court's order is reduced to writing. *See Ex parte Chambers*, 898 S.W.2d 257, 262 (Tex. 1995) (orig. proceeding). Here, there was no order in place commanding Maddin to perform any duties or obligations or refrain from any action and thus enforceable by contempt. *See id.* Accordingly, we hold that the trial court abused its discretion in finding Maddin in contempt of the November 12, 2008 divorce decree.

Next, Maddin argues that the trial court erred as a matter of law in holding him in contempt and committing him to the county jail for allegedly violating the court's September 22, 2008 letter to the parties because the letter was not an order of the court subject to contempt. In general, letters from the court to counsel are not the type of documents that constitute a judgment, decision, or order. *See Goff v. Tuchscherer*, 627 S.W.2d 397, 398–99 (Tex.

6

1982).  As in *Goff*, here, the trial court's letter directed counsel to prepare and present an order reflecting the court's rulings.  *See id.*  Only a letter evidencing a decision actually rendered, describing such decision with certainty as to parties and effect, and publicly announcing entry of such decision by prompt filing possesses all the necessary attributes of an order.  *Schaeffer Homes, Inc. v. Esterak*, 792 S.W.2d 567, 569 (Tex. App.—El Paso 1990, no writ).

Here, we cannot say that the September 22, 2008 letter complies with all the requisites of formal entry of the decision rendered.  *See id.*  The September 22, 2008 letter from the trial court to counsel advised the parties of the trial court's decision regarding the division of the community property and debts and concluded by directing Darby's counsel to prepare the divorce decree.  Subsequently, on November 12, 2008, the final decree of divorce was signed and filed.  The later entry of a formal order reflects that the trial court did not intend the earlier letter to serve as an entered order.  *See id.*  Accordingly, we hold that the September 22, 2008 letter did not constitute an order enforceable by contempt.  Because the letter was not an order, the trial court abused its discretion in finding Maddin in contempt of the letter.

In this case, in finding that Maddin had violated the September 22, 2008 letter and November 12, 2008 divorce decree by his actions on October 21, 2008, the trial court exceeded its contempt authority.  We issue a writ of

7

habeas corpus if a trial court's contempt order is beyond the court's power or the court did not afford the relator due process of law. *See In re Henry*, 154 S.W.3d at 596. We therefore vacate the contempt order, grant Maddin's petition for writ of habeas corpus, and order him released from bond and discharged from custody.

                    JOHN CAYCE
_____         CHIEF JUSTICE

PANEL: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

WALKER, J. dissents without opinion.

DELIVERED: April 20, 2009