COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-08-475-CV

 

 

IN RE JEFFERY SCOTT MADDIN                                                RELATOR        

                                                    

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

On November 26, 2008, the trial court confined Relator, Jeffery
Scott Maddin, to the Cooke County Jail pursuant to an order holding him in
contempt and directing his confinement. 
On December 11, 2008, Maddin filed a petition for writ of habeas corpus
seeking release from the Cooke County Jail, and the next day, this court
ordered Maddin released on a $1,000 bond pending the outcome of this original
proceeding.  See Tex. R. App. P.
52.8(b)(3). 

 








        In
this habeas corpus proceeding, Maddin complains that the trial court erred as a
matter of law in holding him in contempt and ordering him confined for
violating the trial court=s September 22, 2008 letter
ruling and the November 12, 2008 final decree of divorce; therefore, he
contends he is being illegally confined and restrained.  We grant his petition for writ of habeas
corpus.

Real Party in Interest, Dianna Sue Darby, sued Maddin for divorce
on November 15, 2006.  On July 11, 2008,
the trial court held a final hearing.  On
September 22, 2008, the trial court notified the parties by letter of its
decision regarding the division of property and debts and provided that Darby=s counsel was to prepare the
divorce decree.  Listed among the
property to be awarded Darby was the real property located at 321 CR 211,
Gainesville, Texas (Athe Gainesville property@), a cattle trailer and
flatbed, and a John Deere Gator.  On
October 21, 2008, Maddin entered the Gainesville property and removed the
flatbed trailer and John Deere Gator.  








The final decree of divorce rendered by the court on November 12,
2008 awarded Darby the exclusive use and possession of the Gainesville property
and other property including the cattle trailer, flatbed, and John Deere Gator.  On November 13, 2008, Darby filed a second
amended motion for enforcement and contempt in which she alleged for the first
time that Maddin entered onto the Gainesville property and removed the flatbed
trailer and John Deere Gator.  Darby
argued that Maddin=s actions violated the trial
court=s September 22, 2008 letter
ruling and the November 12, 2008 divorce decree.  Alternatively, Darby argued that Maddin=s actions violated the May 4,
2007 temporary orders which granted her the exclusive use and possession of the
Gainesville property and Aall of the property of the
parties subject to this suit not specifically awarded to [Maddin] while this
case is pending.@  

On November 26, 2008, the trial court found Maddin guilty of
violating the court=s September 22, 2008 letter
and the November 12, 2008 final decree of divorce.  The court also found Maddin in contempt and
ordered that he be committed to the Cooke County Jail for Aa period of 45 days with no
credit for good time and . . . thereafter until all the property taken October
21, 2008 is returned.@  

Maddin first argues that the trial court erred as a matter of law
in holding him in contempt and committing him to the county jail for allegedly
violating the November 12, 2008 final decree of divorce because the contempt
order finds that his actions occurred on October 21, 2008, prior to the entry
of the divorce decree. 








An original habeas corpus proceeding is a collateral attack on the
contempt judgment.  See Ex parte
Rohleder, 424 S.W.2d 891, 892 (Tex. 1967) (orig. proceeding); In re
Bielefeld, 143 S.W.3d 924, 927 (Tex. App.CFort Worth 2004, orig.
proceeding) (op. on reh=g).  A writ of habeas corpus will issue when the
relator has not been afforded due process or when the order requiring
confinement is void.  In re Henry,
154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding).  We review a petition for writ of habeas
corpus to determine if the order of commitment is void, either because it was
beyond the power of the court to enter or because the contemnor was not
afforded due process.  See id.; Ex parte Barnett, 600 S.W.2d 252, 254 (Tex.
1980) (orig. proceeding); In re Mann, 162 S.W.3d 429, 432 (Tex. App.CFort Worth 2005, orig. proceeding);
Ex parte Casillas, 25 S.W.3d 296, 298B99 (Tex. App.CSan Antonio 2000, orig.
proceeding); Ex parte Friedman, 808 S.W.2d 166, 168 (Tex. App.CEl Paso 1991, orig.
proceeding).  Guilt or innocence of the
relator is not an issue; the only issue concerns the lawfulness of the relator=s imprisonment.  In re Mann, 162 S.W.3d at 432.   








Among the due process rights accorded an alleged contemnor is the
right to reasonable notice of each alleged contumacious act.  Ex parte Barlow, 899 S.W.2d 791, 797
(Tex. App.CHouston [14th
Dist.] 1995, orig. proceeding).  Texas
courts have been very strict in requiring that proper notice be given before a
person may be held in contempt for actions done outside the presence of the
court.  Ex parte Eureste, 614
S.W.2d 647, 648 (Tex. Civ. App.CAustin 1981, orig.
proceeding).  When proper notice is not
given, then the contempt order is invalid. 
Id.

If this court concludes that a relator was deprived of his liberty
without due process of law, or that the contempt and commitment orders are
void, we must order the relator=s release.  See In re Henry, 154 S.W.3d at 596; Ex
parte Swate, 922 S.W.2d 122, 124 (Tex. 1996) (orig. proceeding); In re
Alexander, 243 S.W.3d 822, 824 (Tex. App.CSan Antonio 2007, orig.
proceeding).   








A contempt order may not be based on an ambiguous order.  See Ex parte Price, 741 S.W.2d 366,
367B68 (Tex. 1987) (orig.
proceeding).  In order for the trial
court to punish a party for disobeying a written order, the order itself must
be definite and certain.  See Ex
parte Brister, 801 S.W.2d 833, 834 (Tex. 1990) (orig. proceeding).  To be enforceable by contempt, the written
order must set forth the terms of compliance clearly and specifically so that
the person charged with obeying the order will readily know exactly what duties
and obligations are imposed on him.  Ex
parte Acker, 949 S.W.2d 314, 317 (Tex. 1997) (orig. proceeding); Ex
parte Slavin, 412 S.W.2d 43, 44 (Tex. 1967) (orig. proceeding).  Thus, to sentence a party to confinement for
contempt of a prior court order, that order must have Aunequivocally commanded@ the party to perform the
duties or obligations imposed on him.  Ex
parte Padron, 565 S.W.2d 921, 921 (Tex. 1978) (orig. proceeding).  A written order that is equivocal or
susceptible to more than one interpretation is not punishable by contempt.  In re Houston, 92 S.W.3d 870, 877
(Tex. App.CHouston [14th Dist.] 2002,
orig. proceeding).

The contempt order at issue here clearly finds that Maddin
violated the final decree of divorce when he took and retained property on
October 21, 2008.  However, it was not
possible for Maddin to have violated the November 12, 2008 final decree of
divorce because it was not in existence on October 21, 2008.  A contemnor cannot be held in constructive
contempt of court for actions taken before the trial court=s order is reduced to
writing.  See Ex parte Chambers,
898 S.W.2d 257, 262 (Tex. 1995) (orig. proceeding).  Here, there was no order in place commanding Maddin
to perform any duties or obligations or refrain from any action and thus
enforceable by contempt.  See id.  Accordingly, we hold that the trial court
abused its discretion in finding Maddin in contempt of the November 12, 2008
divorce decree.








Next, Maddin argues that the trial court erred as a matter of law
in holding him in contempt and committing him to the county jail for allegedly
violating the court=s September 22, 2008 letter
to the parties because the letter was not an order of the court subject to
contempt.  In general, letters from the
court to counsel are not the type of documents that constitute a judgment,
decision, or order.  See Goff v.
Tuchscherer, 627 S.W.2d 397, 398B99 (Tex. 1982).  As in Goff, here, the trial court=s letter directed counsel to
prepare and present an order reflecting the court=s rulings.  See id.  Only a letter evidencing a decision actually
rendered, describing such decision with certainty as to parties and effect, and
publicly announcing entry of such decision by prompt filing possesses all the
necessary attributes of an order.  Schaeffer
Homes, Inc. v. Esterak, 792 S.W.2d 567, 569 (Tex. App.CEl Paso 1990, no writ).  

Here, we cannot say that the September 22, 2008 letter complies
with all the requisites of formal entry of the decision rendered.  See id.  The September 22, 2008 letter from the trial
court to counsel advised the parties of the trial court=s decision regarding the
division of the community property and debts and concluded by directing Darby=s counsel to prepare the
divorce decree.  Subsequently, on
November 12, 2008, the final decree of divorce was signed and filed.  The later entry of a formal order reflects
that the trial court did not intend the earlier letter to serve as an entered
order.  See id.  Accordingly, we hold that the September 22,
2008 letter did not constitute an order enforceable by contempt.  Because the letter was not an order, the
trial court abused its discretion in finding Maddin in contempt of the letter. 








In this case, in finding that Maddin had violated the September
22, 2008 letter and November 12, 2008 divorce decree by his actions on October
21, 2008, the trial court exceeded its contempt authority.  We issue a writ of habeas corpus if a trial
court=s contempt order is beyond
the court=s power or the court did not
afford the relator due process of law.  See
In re Henry, 154 S.W.3d at 596.  We
therefore vacate the contempt order, grant Maddin=s petition for writ of habeas
corpus, and order him released from bond and discharged from custody.

 

JOHN CAYCE

CHIEF JUSTICE

 

 

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ. 

 

WALKER, J. dissents without opinion.

 

DELIVERED: April 20, 2009











[1]See Tex.
R. App. P. 47.4.