**Ex parte James Craig GUETERSLOH.**

No. 96–1110.

Supreme Court of Texas.

Dec. 13, 1996.

Harold Phelan, Leveland, for Appellant.

M. Suzy Ingle, Sandra K. Williams, Houston, for Appellee.

PER CURIAM.

James Craig Guetersloh, relator in this habeas corpus proceeding, challenges the judgment of contempt and the commitment order of the court of appeals sentencing him to 30, 90, and 180 days confinement, to be served concurrently. Because we conclude that the 180-day sentence is void, but in all other respects the judgment and commitment order are valid, we grant the writ of habeas corpus in part.

The court of appeals found that Guetersloh violated the trial court's permanent injunction against putting his property to certain uses adjudicated as a nuisance and a violation of a settlement agreement. During Guetersloh's appeal of the injunction, the appellee, a property owners' association, moved to hold him in contempt for violating the injunction. The court of appeals remanded the case to the trial court to hear the motion and make findings of fact and recommendations. Based on the trial court's findings and recommendations, the court of appeals rendered a judgment sentencing Guetersloh to imprisonment for 30 days for violating the trial court's injunction by burning trash on the property, 90 days for selling fireworks on the property, and 180 days for making structural changes on the property without approval,

the three sentences to run concurrently. 1996 WL 580931.

Guetersloh makes a number of challenges to the trial court's injunction, the association's motion for contempt, and the court of appeals's judgment and commitment order. We conclude that only one of Guetersloh's complaints has merit: his challenge to the court of appeals's 180-day sentence. The trial court's July 17, 1995 permanent injunction ordered, among other things, that Guetersloh:

> submit in writing a request for any changes or additions of any nature for Reserve B, Block 2, Rolling Fork, Section 8 to the Rolling Fork Owners Committee—Architectural Control Committee for Reserve B, Block 2, Rolling Fork, Section 8, and obtain approval from this Committee before any changes or additions are made to the commercial property.

The court of appeals based the 180-day sentence on its holding that Guetersloh violated this provision by:

> permitting workers on July 1, 1995, to begin pouring the slab of a four-plex building on the property and to continue with the construction of the building through August of 1995 when he had not submitted a written request in proper form to the Architectural Control Committee of the Rolling Fork Owners Committee, Inc.

We agree with Guetersloh that the order punishes him for an act that occurred on July 1, 1995, although the injunction itself did not exist until July 17, 1995. An alleged contemnor cannot be held in constructive contempt of court for actions taken before the court reduces its order to writing. *Ex parte Chambers*, 898 S.W.2d 257, 262 (Tex.1995). The property owners' association argues that the thrust of the court of appeals's contempt finding is that Guetersloh continued building on the property without approval after the trial court issued the injunction. However, the order clearly states that Guetersloh is being punished in part for an act that occurred before the injunction. We cannot segregate the permissible from the impermissible reason for holding Guetersloh in contempt, and therefore the 180-day sentence cannot stand. The court of appeals

imposed the 180–day punishment for more than one act of contempt, one of which is not punishable by contempt, and therefore the entire 180–day sentence is void. *Ex parte Jordan,* 787 S.W.2d 367, 368 (Tex.1990). Accordingly, pursuant to Texas Rule of Appellate Procedure 122, the Court grants in part the petition for writ of habeas corpus to the extent that we strike the 180–day sentence from the court of appeals's judgment and commitment. We deny all other requested relief.