IN RE BIELEFELD

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-280-CV

IN RE RELATOR

RICHARD A. BIELEFELD 

------------

FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY

------------

OPINION ON REHEARING

------------

This is an original habeas corpus proceeding.  Relator Richard A. Bielefeld challenges a trial court order committing him to jail for contempt of court in failing to pay interim attorney’s fees of $50,000 to his wife’s divorce lawyer.  We withdraw our prior opinion of September 29, 2003 denying relator’s petition for writ of habeas corpus and substitute the following in it’s place, grant his motion for rehearing, deny his motion for rehearing en banc, and order relator discharged from confinement.    

FACTUAL BACKGROUND

Rita F. Bielefeld filed suit for divorce from relator.  The parties entered into an order pending the divorce whereby relator would make the house payment, pay utilities and reasonable maintenance for the house, Rita’s car payment, and auto and health insurance, and pay $200 weekly in temporary spousal support.  Relator retained custody of the minor child of the marriage, and the parties agreed no temporary child support would be ordered.  Relator agreed to pay $3,000 in interim attorney’s fees to Rita’s attorney. 

Subsequently, Rita’s attorney filed a request for additional interim attorney’s fees and expenses, claiming that she needed the fees and expenses for an expert to evaluate and determine the character of a business formed and operated by relator and his brother, which relator contended was his separate property, and to prepare for trial.  On August 19, 2002, following a hearing at which evidence and testimony were presented establishing that relator might be able to borrow the sums requested from the business or from his parents, the trial court apparently made an oral order for additional interim attorney’s fees and expenses of $50,000.  Following an additional hearing on relator’s motion for reconsideration, the trial court entered its written “Order for Payment of Interim Attorney’s Fee” stating, in pertinent part, as follows:

The Court has now heard further testimony and arguments of counsel regarding the payment of interim attorney’s fees to Petitioner’s counsel, BeAnn Sisemore.  Based on the needs of the applicant as weighed against the ability of the Respondent to pay such fees, the Court finds as follows:

. . . .

IT IS THEREFORE ORDERED that Petitioner’s request for interim attorney’s fees is granted.  Respondent, RICHARD ALAN BIELEFELD, is ORDERED to pay Petitioner’s attorney, BEANN H. SISEMORE, at her address of 111 North Houston Street, Suite 205, Fort Worth, Texas 76102, interim attorney’s fees of FIFTY THOUSAND DOLLARS ($50,000) on or before 5:00 p.m. on the 1st day of Oct., 2002.  

On May 2, 2003, Rita’s attorney filed a motion for enforcement of the order.  Following a hearing on that motion, the trial court entered an order holding relator in both criminal and civil contempt for failure to pay the interim attorney’s fees ordered and for the first time characterized the interim attorney’s fees as “additional spousal support.”  The commitment order states:   The Court finds that an order was entered on August 19, 2002, wherein Respondent, RICHARD ALAN BEILEFELD, was ordered to pay interim attorney’s fees of $50,000 to BEANN H. SISEMORE at 111 North Houston Street, Suite 205, Fort Worth, Texas 76102, on or before 5:00 p.m. on the 1
st
 day of October, 2002, 
as additional spousal support for benefit of Petitioner, 
RITA F. BIELEFELD
 . . .  
[Emphasis ours.]

Further finding that relator was financially able to pay the attorney’s fees ordered and that he was guilty of contempt of court for failure to pay those fees, the trial court assessed relator’s punishment at thirty days’ confinement in the Tarrant County jail, with confinement continuing thereafter until he paid $50,000 as interim attorney’s fees “into the registry of this Court.”   

Relator filed his petition for writ of habeas corpus in this court, raising three issues: whether he was incarcerated for non-payment of a “debt” in violation of article I, section 18 of the Texas Constitution; whether the trial court abused its discretion by incarcerating relator for non-payment of an unreasonable amount that was beyond relator’s ability to pay; and whether the contempt and commitment orders were sufficiently specific to be enforced.  

A divided panel denied the petition.  Relator filed a motion for rehearing en banc, which we have construed as both a motion for rehearing and a motion for rehearing en banc.  We provided for relator’s release from confinement on bond pending our determination of the merits of this proceeding and requested a response to relator’s petition for writ of habeas corpus.  No response has been filed.

STANDARD OF REVIEW

An original habeas corpus proceeding is a collateral attack on the contempt judgment.
(footnote: 1) 
 The purpose of a habeas corpus proceeding in civil matters is to command the release of a person imprisoned “by virtue of an order . . . issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case.”
(footnote: 2)  We review a petition for writ of habeas corpus to determine if the order of commitment is void, either because it was beyond the power of the court to enter or because the contemnor was not afforded due process.
(footnote: 3)  Guilt or innocence of the relator is not an issue; the only issue concerns the lawfulness of the relator’s imprisonment.
(footnote: 4)
 DISCUSSION

Relator complains that the commitment order is void because of the deeply rooted constitutional prohibition in Texas against imprisonment for a debt.  As a general rule, a person who willfully disobeys a valid court order is guilty of contempt and subject to imprisonment for a prescribed period until he or she complies with the order.
(footnote: 5)  However, the failure to comply with an order to pay a debt is not contempt punishable by imprisonment because of the Texas Constitution’s prohibition, which states, “No person shall ever be imprisoned for debt.”
(footnote: 6)  An order of imprisonment for failure to pay a debt is void as violating article I, section 18 and may be attacked by petition for writ of habeas corpus.
(footnote: 7) 

Section 6.502 of the Texas Family Code allows the trial court to enter temporary orders, including orders for payment of support for either spouse and reasonable interim attorney’s fees, and section 6.505 allows the trial court to punish by contempt the violation of any such temporary order.
(footnote: 8)  It is also generally held, however, that Texas law forbids collection of attorney’s fees by contempt proceedings.
(footnote: 9)    

Wallace,
 
the principal case cited by courts for the proposition that attorney’s fees may not be enforced by contempt, 
involved an order similar to that sought to be enforced here.
(footnote: 10)  In that case, the trial court entered a temporary order commanding the husband pay to the wife $10,500 for past attorney’s fees and $1,300 in future expenses that might be incurred by her in a pending divorce proceeding.  
While recognizing the trial court’s power on final disposition to award attorney’s fees to the wife, the reasonableness of which was to be determined by the trier of fact, the supreme court held that the trial court had no authority to summarily order them paid or to enforce that order by contempt.
(footnote: 11) 

On the other hand, it has long been established that the obligation that the law imposes on spouses to support one another, as well as on parents to support their children, is not considered a “debt” within the constitutional prohibition but, rather, a legal duty arising out of the legal status of the parties, and failure to comply with a court order for spousal or child support is thus enforceable by contempt.
(footnote: 12) 
The exception for child and spousal support obligations from the constitutional prohibition against imprisonment for “debt” has been extended to assessments of attorney’s fees incurred to enforce orders for temporary spousal or child support.
(footnote: 13)  
The rationale for authorizing contempt for failure to pay attorney’s fees in a suit to enforce temporary support obligations is that the attorney’s fees and costs are “incidental to” and a part of the underlying obligation.
(footnote: 14) 
Texas courts, however, have not extended the use of contempt for recovery of attorney’s fees beyond those incurred in enforcing the legal duties of spousal or child support, emphasizing that the power of contempt of court must be exercised with “caution.”
(footnote: 15) 
 

Several courts have held that interim orders to a spouse to pay third-party debts such as mortgage and car payments directly to creditors in pending divorce proceedings are orders for payment of “debt” in violation of the Texas Constitution and are thus unenforceable by contempt, although those courts stated they might have held differently had the fees been characterized as temporary spousal support.
(footnote: 16)  

In 
Ex Parte Kimsey
, the El Paso Court of Appeals held that an order for interim attorney’s fees of $50,000 payable for the wife’s past legal fees and future expenses in a divorce suit was not an order for a “debt” within the constitutional prohibition and was therefore enforceable by contempt.
(footnote: 17)  The El Paso court chose not to follow those courts that had held interim orders for payment of third-party debts directly to creditors unenforceable by contempt, stating that “[i]t matters not whether the trial court awards
 alimony pendente lite
 to the wife in order to provide her sufficient funds with which to pay her attorney or whether the court orders, as temporary spousal support, that the monies will be paid directly to the attorney.”
(footnote: 18)  The court in 
Kimsey 
also distinguished 
Wallace
 on the basis that the supreme court had there concluded that interim attorney’s fees to the wife were impermissible, not based on the constitutional prohibition against imprisonment for “debt” but on the absence of statutory authority.  The court 
pointed out that
 Wallace
 predated the family code which, by the time of 
Kimsey
, provided specific provision for an order for interim attorney’s fees under former section 3.58.
(footnote: 19)  

We respectfully interpret the holding in 
Wallace 
differently
.
  The supreme court in that case expressly noted the trial court did base its authority on a statute which even then broadly provided that, in a pending suit for a divorce, “the court, or the judge thereof, may make such temporary orders respecting the property and parties as shall be deemed necessary and equitable.”
(footnote: 20) 
 Rather than holding that there was no statutory basis, the supreme court held that the order for attorney’s fees entered in advance of trial was not authorized and was void because it was fixed and final and in no sense “temporary” in its nature.
(footnote: 21)  The court in 
Kimsey
 also did not discuss or distinguish the plethora of recent cases, decided since adoption of the family code, that have held that interim attorney’s fees may be enforced by contempt only when they are incurred in connection with enforcement of orders for spousal or child support.

Kimsey
 is distinguishable from this case for two reasons.  First, unlike this case, the commitment order challenged in 
Kimsey
 provided that the relator might purge himself by paying $20,000, a sum that the trial court found was in the relator’s possession and was community property.
(footnote: 22)  In contrast, the principal dispute between the parties that remains unresolved in this case is whether the business from which relator may obtain the funds to pay the attorney’s fees is properly characterized as separate or community property.  Secondly, the underlying order in 
Kimsey
 expressly characterized the attorney’s fees as “additional temporary spousal support.”
(footnote: 23)  Indeed, the 
El Paso court there held: 

“We conclude that Relator did not fail to pay a debt.  Rather, he violated an order 
concerning spousal support
 and it is for that violation that he was jailed.  The community estate terminates only upon death or divorce, and until a final decree is entered, the spouse in control of the great majority of liquid assets or income cannot avoid payment of interim fees on the constitutional basis asserted here, 
provided those fees are ordered as temporary spousal support
.”
(footnote: 24)

Unlike the order sought to be enforced in 
Kimsey
, the order for payment of attorney’s fees and expenses to the wife’s attorney in the instant case does not characterize the fees ordered to be paid as “temporary” or for “spousal support.”  We recognize that the reporter’s record of the contempt hearing in this case reflects the trial court’s reliance on 
Kimsey
 and the statement of his intent “[t]hat these fees were in the nature of spousal support even though the order does not use those words.  That was my intent and I believe that the record in this case will show that that was the evidence that I looked at.”  However, regardless of how clear the trial court’s intent might be from the reporter’s record, the written order for interim attorney’s fees did not specify that the attorney’s fees to be paid were to be “temporary,” to be taken into consideration upon final division of the property, or to be for temporary spousal support.  

At best, the commitment order here is for conduct violating an implied or inferred order never reduced to writing.  Constructive contempt cannot be found unless there is a written order setting forth “clear, specific and unambiguous terms.”
(footnote: 25)  Courts have consistently held that a contemnor cannot be held in constructive contempt that occurs before the order violated is reduced to writing.
(footnote: 26)  It is the written order, signed by the court, that evidences a party’s rights and duties.
(footnote: 27)  Nor would the omission be subject to a 
nunc pro tunc
 order because such an order would not support contempt for violations that occurred before its issuance date.
(footnote: 28)  

We hold that the trial court did not have authority to enforce its written order for payment of advance interim attorney’s fees and future expenses of $50,000 to Rita’s divorce lawyer by contempt because it did not characterize those fees and expenses as spousal support, thus making them attorney’s fees which may not be enforced by contempt.  Therefore, the contempt order is void.
(footnote: 29),
(footnote: 30)  We grant the relief requested in Relator’s petition for writ of habeas corpus and order Relator discharged.
(footnote: 31)

ANNE GARDNER

JUSTICE

PANEL A:  CAYCE, C.J.; GARDNER, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment)

DELIVERED:  August 27, 2004

FOOTNOTES
1:
See Ex parte Hightower, 
877 S.W.2d 17, 20 (Tex. App.—Dallas 1994, orig. proceeding).  

2:
Tex. Gov’t Code Ann. 
§ 22.221(d) (Vernon 2004).  

3:
Ex parte Barnett
, 600 S.W.2d 252, 254 (Tex. 1980).  

4:
In re Surgent, 
133 S.W.3d 744, 748 (Tex. App.—Corpus Christi 2003, orig. proceeding); 
Ex parte Kimsey, 
915 S.W.2d 523, 525 (Tex. App.—El Paso 1995, orig. proceeding).  

5:
Ex parte Hall, 
854 S.W.2d 656, 658 (Tex. 1993).  

6:
Tex. Const.
 art. I, § 18.

7:
Hall
, 854 S.W.2d at 658.  

8:
Tex. Fam. Code Ann.
 §§ 6.502, 6.506 (Vernon 1998 & Supp. 2004-05).

9:
See, e.g., In re Moers
, 104 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) (citing 
Wallace v. Briggs
, 
162 Tex. 485, 348 S.W.2d 523, 525-26 (1961)); 
Ex Parte Hightower
, 877 S.W.2d at 20 (same).

10:
348 S.W.2d at 525-26.

11:
Wallace, 
348 S.W.2d at 524-25. 
 
Relator in this case also cites us to 
Ex Parte Castillo, 
No. A14-94-00547-CV, 1994 WL 362252, at *1 (Tex. App.—Houston [14th Dist.] July 14, 1994, orig. proceeding) (not designated for publication) (also holding order to husband to pay $1,500 in interim attorney’s fees and court costs to wife’s attorney not enforceable by contempt where not entered to enforce child support obligation).    
  
 

12:
See 
Tex. Fam. Code Ann.
 §§ 2.501(a), 151.001(a)(3) (Vernon 1998 & Supp. 2004-05); 
see e.g., Hall
, 854 S.W.2d at 658 (citing 
Ex parte Birkhead
, 127 Tex. 556, 95 S.W.2d 953, 954 (1936) (holding child support obligation not “debt”)); 
Ex parte Davis
, 101 Tex. 607, 111 S.W. 394, 395 (1908) (holding temporary alimony not “debt”);
 Kimsey, 
915 S.W.2d at 526
; Ex parte Wagner
, 905 S.W.2d 799, 802-03 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding) (characterizing support obligation of spouses and parents as legal duty imposed by public policy); 
Ex parte Rogers
, 633 S.W.2d 666, 670  (Tex. App.—Amarillo 1982, orig. proceeding) (same). 

13:
Ex parte Helms
, 259 S.W.2d 184, 188 (Tex. 1953) (citing 
Davis
, 111 S.W. at 395-96); 
Wagner
, 905 S.W.2d at 803; 
cf. In re Moers, 
104 S.W.3d at 612 (acknowledging case law but holding attorney’s fees not recoverable in suit to modify as distinguished from enforcement of child support).  

14:
Helms
, 259 S.W.2d at 188; 
see also Wagner
, 905 S.W.2d at 803; 
Rogers,
 633 S.W.2d at 670-71.

15:
In re Moers, 
104 S.W.3d
 
at 612 (holding attorney’s fees incurred in 
modifying
 child support obligation not 
enforceable by contempt); 
Ex parte Rogers
, 633 S.W.2d at 671 (citing
 Herring v. Houston Nat’l Exch. Bank,
 113 Tex. 337, 255 S.W. 1097, 1104 (1923)) (holding attorney’s fees incurred for enforcing child 
custody
 order not enforceable by contempt);
 see also Ex parte Dolenz, 
893 S.W.2d 677, 681 (Tex. App.—Dallas 1995, orig. proceeding)
 
(holding recovery of discovery costs not permitted as “debt”); 
Ex parte Rosser, 
899 S.W.2d 382, 386 (Tex. App.—Houston [14
th
 Dist.] 1995, orig. proceeding) (holding order for attorney’s fees and costs incurred in enforcing 
visitation
 not enforceable by contempt);
 Ex parte Hightower
, 877 S.W.2d at 20-21 (holding attorney ad litem fees incurred 
to modify visitation
 not enforceable by contempt);
 Roosth v. Daggett
, 869 S.W.2d 634, 637 (Tex.  App.—Houston [14th Dist.] 1994, no writ) 
(holding attorney’s fees awarded in divorce judgment
 creating
, rather than enforcing, child support obligation a “debt” unenforceable by contempt);
 
Ex parte Payne
, 598 S.W.2d 312, 314 (Tex. Civ. App.—Texarkana 1980, orig. proceeding) (holding contempt order void where it was unclear whether judgment was for attorney’s fees attributable to enforcement of child support or visitation);
 Ex parte Myrick
, 474 S.W.2d 767, 772 (Tex. Civ. App.—Houston [1st Dist.] 1971, orig. proceeding
) (holding contempt order void that was entered to force relator to create trust for children and to pay attorney’s fees in connection with enforcing that order).

16:
See Ex Parte Delcourt
, 868 S.W.2d 373, 375 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding); 
Whitt v. Whitt
, 684 S.W.2d 731, 734 (Tex. App.—Houston [14th Dist.] 1984, no writ). 

17:
915 S.W.2d at 527.  

18:
Id
. at 526.

19:
Id
.; 
see 
Act of May 31, 1969, 61
st
 Leg., R.S., ch. 888, § 1, 1969 Tex. Gen. Laws 2707, 2724 (
former 
Tex. Fam. Code Ann.
 § 3.58(c)(4)), 
repealed
 
by
 Act of April 3, 1997, 75
th
 Leg., R.S., ch. 7, § 1, 1997 Tex. Gen. Laws 8, 30, 
recodified by current version at 
Tex. Fam. Code Ann.
 § 6.502(a)(4) (Vernon Supp. 2004); Act of May 31, 1969, 61
st
 Leg., R.S., ch. 888, § 1, 1969 Tex. Gen. Laws 2702, 2724 (
former
 
Tex. Fam. Code Ann.
 § 3.58(f)), 
repealed by 
Act of Apr. 3, 1997, 75
th
 Leg., R.S., ch. 7, § 1, 1997 Tex. Gen. Laws 8, 31, 
recodified by current version at
 
Tex. Fam. Code Ann.
 § 6.506 (Vernon 1998). 

20:
Tex. R. Civ. Stat
. art 4636 (Vernon 1951), 
repealed by 
Act of Apr. 3, 1997, 75 Leg., R.S., ch. 7, § 1, 1997 Tex. Gen. Laws 8, 29-31, 
recodified by current version at 
Tex. Fam. Code Ann.
 §§ 6.501-.502 (Vernon Supp. 2004-05), 
Tex. Fam. Code Ann.
 §§ 6.503-.507 (Vernon 1998). 

21:
Kimsey, 
915 S.W.2d at 525.

22:
Id
.  We note that the order for payment of the interim fees in 
Kimsey
 had specified that the funds be paid 
into the registry of the court and that attorneys with currently owing fees might then make application to be approved upon a finding of reasonableness by the court.
  This procedure provides a measure of extra protection to assure that the funds are used for the purpose intended. 

23:
Id
. at 524.

24:
Id
. at 527 (emphases added).

25:
Dunn v. Street
, 938 S.W.2d 33, 35 n.3 (Tex. 1997) (quoting 
Ex Parte Chambers
, 898 S.W.2d 257, 259-60 (Tex. 1995).  

26:
See Ex parte Guetersloh
, 935 S.W.2d 110, 111 (Tex. 1996) (oral injunction); 
Ex parte Price
, 741 S.W.2d 366, 367-68 (Tex. 1987) (oral inunction); 
In re Sellers
, 982 S.W.2d 85, 87 (Tex. App.—Houston [1st Dist.] 1998, orig. proceeding) (oral child support order); 
see also 
In re Price
, 
No. 09-02-00206-CV
, 2002 WL 1339895, at *3 (Tex. App.—Beaumont 2002, orig. proceeding) (not designated for publication) (incomplete temporary spousal and child support order).         

27:
In re Sellers
, 982 S.W.2d at 87 (citing 
Ex Parte Chambers
, 898 S.W.2d at 262).  

28:
See In re Price
, 2002 WL 1339895, at *3.

29:
Tex. Const.
 art. I, § 18; 
Wallace, 
348 S.W.2d at 492;
 Delcourt
, 868 S.W.2d at 375; 
Whitt
, 684 S.W.2d at 735. 

30:
Because of our holding, we need not address relator’s argument that the trial court abused its discretion by incarcerating relator for nonpayment of an unreasonable amount that was beyond relator’s ability to pay.

31:
We have been informed that Relator was released from confinement by the trial court pursuant to an agreed order for release.  Accordingly, because Relator has not been released as a result of a writ of habeas corpus bond, we do not need to discharge the liability of any sureties.