COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-05-169-CV
 
 
 
IN 
RE JOE DAVID WATSON                                                       RELATOR
 
 
------------
 
ORIGINAL 
PROCEEDING
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Relator 
Joe David Watson has filed a petition for writ of habeas corpus seeking release 
from the Tarrant County Jail.  On April 26, 2005, the trial court held Joe 
in contempt for failing to pay attorney’s fees characterized as child support 
and sentenced him to 180 days’ confinement in the Tarrant County Jail as 
punishment for criminal contempt.  The trial court further ordered Joe 
confined for civil contempt until he paid the amount due in full.  On May 
11, 2005, this court ordered Joe released on a $5,000 bond pending the outcome 
of this original proceeding.  See Tex. R. App. P. 52.8(b).  Because 
this enforcement order imposing confinement for contempt was beyond the trial 
court’s power to enter, we grant the writ of habeas corpus.
II. Background
        Real 
party in interest Merrie Lauren Watson sued Joe for divorce.  On November 
12, 2003, the trial court issued a divorce decree ordering Joe to pay $31,174.09 
in attorney’s fees incurred by Merrie in the divorce proceedings.  The 
paragraph awarding attorney’s fees characterized these fees as child support: 
“The court finds that these attorney’s fees are specifically found to be necessaries for the 
support and protection of the children the subject of this proceeding and 
represent a just and right division of the estates of the parties and allocation 
of their debt.”  In this decree, the trial court ordered Joe to pay the 
attorney’s fees by September 22, 2004.
        After 
Joe missed the payment deadline, Merrie filed a motion to enforce the trial 
court’s order of attorney’s fees in the divorce decree. On March 1, 2005, 
the trial court denied Merrie’s motion but again ordered Joe to pay $31,174.09 
in attorney’s fees and again characterized these fees as “necessaries for 
the support and protection of the children.”  In addition, the trial 
court ordered Joe to pay Merrie’s attorney’s fees incurred in seeking 
enforcement of the attorney’s fees order in the divorce decree; with the 
amount ordered in the divorce decree, Joe then owed a total of $33,183.09 in 
attorney’s fees.  This order set up a payment schedule, ordering Joe to 
pay $5,000 that same day and then $300 per month thereafter.
        However, 
Joe did not make the $5,000 payment that same day, so on March 7, 2005, Merrie 
filed a motion to enforce the trial court’s grant of attorney’s fees in the 
March 1, 2005 order.  The motion alleged only that Joe violated the March 
1, 2005 order by failing to make the $5,000 payment.
        On 
April 26, 2005, the trial court held a hearing, found Joe in contempt for 
failing to pay $5,000 on March 1, 2005 and for failing to pay $300 on April 1, 
2005, and assessed punishment for criminal contempt at 180 days in the Tarrant 
County Jail.  It also ordered Joe confined thereafter for civil contempt 
until he complied with the following orders: (1) pay the past due $5,000 and 
$300 payments; (2) pay $300 due the first day of each month, commencing May 1, 
2005 and continuing until the sum of $33,183.09 plus $2,200 (attorney’s fees 
in this second enforcement action) had been paid in full; and (3) pay $131 in 
filing fees incurred in this second enforcement action.  Joe was then taken 
into custody, and he filed his petition for writ of habeas corpus on May 9, 
2005.  We granted temporary relief on May 11, 2005 and requested a response 
from Merrie.  No response was filed.
III. Discussion
        In 
his first and second points, Joe argues that Merrie’s attorney’s fees award, 
which the trial court ordered him to pay in the divorce decree and then again 
ordered him to pay in the March 1, 2005 order denying Merrie’s enforcement 
motion, is a debt that is not enforceable by contempt.  We review a 
petition for writ of habeas corpus to determine if the order of commitment is 
void, either because it was beyond the power of the court to enter or because 
the contemnor was not afforded due process.  In re Bielefeld, 143 
S.W.3d 924, 927 (Tex. App.—Fort Worth 2004, orig. proceeding) (op. on reh’g).  
Guilt or innocence of the relator is not an issue; the only issue concerns the 
lawfulness of the relator’s imprisonment.  Id.
        Texas 
law forbids imprisoning a person for debt and collecting attorney’s fees by 
contempt proceedings.  See Tex. 
Const. art. I, § 18; In re Moers, 104 S.W.3d 609, 611 (Tex. 
App.—Houston [1st Dist.] 2003, no pet.).  However, attorney’s fees 
awarded in proceedings to enforce child support payments are not 
considered a debt and may be enforced through a contempt judgment.  See 
Tex. Fam. Code Ann. § 157.167 
(Vernon Supp. 2004-05); Ex parte Hightower, 877 S.W.2d 17, 20 (Tex. 
App.—Dallas 1994, orig. proceeding).  But Texas courts have not extended 
the use of contempt for recovery of attorney’s fees beyond those incurred in 
enforcing the legal duties of spousal or child support, emphasizing that the 
power of contempt of court must be exercised with caution.  See 
Bielefeld, 143 S.W.3d at 929.
        Furthermore, 
the Texas legislature has permitted attorney’s fees to be taxed as child 
support solely in section 157.167 of the family code, which is limited to child 
support enforcement proceedings.  See Tex. Fam. Code Ann. § 157.167; Moers, 
104 S.W.3d at 612.  Subject to this single exception, section 106.002 
provides that attorney’s fees awarded in a suit affecting the parent-child 
relationship may be enforced, not by contempt, but rather “by any means 
available for the enforcement of a judgment for debt.” Tex. Fam. Code Ann. § 106.002(b); see 
Moers, 104 S.W.3d at 612.[2]
        The 
trial court originally ordered Joe to pay $31,174.09 in attorney’s fees in the 
divorce decree, not in an enforcement action.  Accordingly, the trial court 
could not enforce this award by contempt.  Nevertheless, Joe’s nonpayment 
of these fees formed the basis, at least in part, of the trial court’s order 
finding him in contempt.  But because these fees were not incurred in the 
course of child support enforcement proceedings, the trial court abused its 
discretion in enforcing them by contempt.  See Roosth v. Daggett, 
869 S.W.2d 634, 637 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding) 
(holding attorney’s fees awarded in divorce judgment creating, rather than 
enforcing, child support obligation a "debt" unenforceable by 
contempt).  Accordingly, we hold that the trial court did not have 
authority to enforce payment of the attorney’s fees imposed in the divorce 
decree by contempt.  See Tex. 
Const. art. I, § 18; Tex. Fam. 
Code Ann. § 9.012(b).
IV. Conclusion
        Having 
held that the trial court abused its discretion by ordering Joe jailed for 
contempt, we sustain Joe’s first and second points.  Because our ruling 
on these points is dispositive of Joe’s petition, we need not consider his 
remaining six points.  See Tex. 
R. App. P. 47.1.  We grant Joe’s petition for writ of habeas 
corpus and order him released from bond and discharged from custody.
 
  
                                                          PER 
CURIAM
 
  
PANEL 
B:   MCCOY, HOLMAN, and GARDNER, JJ.
 
DELIVERED: 
July 7, 2005


 
 
NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
The family code also specifies that, in a suit to enforce a divorce decree, the 
court may not use a contempt order to enforce payment of money in the nature of 
a debt, subject to certain exceptions that are not applicable here.  See 
Tex. Fam. Code Ann. § 9.012(b) 
(Vernon 1998).