Watson v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-169-CV

IN RE JOE DAVID WATSON RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Relator Joe David Watson has filed a petition for writ of habeas corpus seeking release from the Tarrant County Jail.  On April 26, 2005, the trial court held Joe in contempt for failing to pay attorney’s fees characterized as child support and sentenced him to 180 days’ confinement in the Tarrant County Jail as punishment for criminal contempt.  The trial court further ordered Joe confined for civil contempt until he paid the amount due in full.  On May 11, 2005, this court ordered Joe released on a $5,000 bond pending the outcome of this original proceeding.  
See 
Tex. R. App. P
. 52.8(b).
  Because this enforcement order imposing confinement for contempt was beyond the trial court’s power to enter, we grant the writ of habeas corpus.

II.  Background

Real party in interest Merrie Lauren Watson sued Joe for divorce.  On November 12, 2003, the trial court issued a divorce decree 
ordering Joe to pay $31,174.09
 in attorney’s fees incurred by Merrie in the divorce proceedings.  The paragraph awarding attorney’s fees characterized these fees as child support:  “The court finds that these attorney’s fees are 
specifically
 found to be necessaries for the support and protection of the children the subject of this proceeding and represent a just and right division of the estates of the parties and allocation of their debt.”  In this decree, the trial court ordered Joe to pay the attorney’s fees by September 22, 2004.

After Joe missed the payment deadline, Merrie filed a motion to enforce the trial court’s order of attorney’s fees in the divorce decree.  On March 1, 2005, the trial court denied Merrie’s motion but again ordered Joe to pay $31,174.09 in attorney’s fees and again characterized these fees as “necessaries for the support and protection of the children.”  In addition, 
the trial court ordered Joe to pay Merrie’s attorney’s fees incurred in seeking enforcement of the attorney’s fees order in the divorce decree; with the amount ordered in the divorce decree, Joe then owed a total of $33,183.09 in attorney’s fees.  This order set up a payment schedule, ordering Joe to pay $5,000 that same day and then $300 per month thereafter.

However, Joe did not make the $5,000 payment that same day, so on March 7, 2005, Merrie filed a motion to enforce the trial court’s grant of attorney’s fees in the March 1, 2005 order. 
 The motion alleged only that Joe violated the March 1, 2005 order by failing to make the $5,000 payment.

On April 26, 2005, the trial court held a hearing, found Joe in contempt for failing to pay $5,000 on March 1, 2005 and for failing to pay $300 on April 1, 2005, and assessed punishment for criminal contempt at 180 days in the Tarrant County Jail.  It also ordered Joe confined thereafter for civil contempt until he complied with the following orders: (1) pay the past due $5,000 and $300 payments; (2) pay $300 due the first day of each month, commencing May 1, 2005 and continuing until the sum of $33,183.09 plus $2,200 (attorney’s fees in this second enforcement action) had been paid in full; and (3) pay $131 in filing fees incurred in this second enforcement action.  Joe was then taken into custody, and he filed his petition for writ of habeas corpus on May 9, 2005.  We granted temporary relief on May 11, 2005 and requested a response from Merrie.  No response was filed.

III.  Discussion

In his first and second points, Joe argues that 
Merrie’s attorney’s fees award, which the trial court ordered him to pay in the divorce decree and then again ordered him to pay in the March 1, 2005 order denying Merrie’s enforcement motion, is a debt that is not enforceable by contempt.  
We review a petition for writ of habeas corpus to determine if the order of commitment is void, either because it was beyond the power of the court to enter or because the contemnor was not afforded due process.  
In re Bielefeld
, 143 S.W.3d 924, 927 (Tex. App.—Fort Worth 2004, orig. proceeding) (op. on reh’g).  Guilt or innocence of the relator is not an issue; the only issue concerns the lawfulness of the relator’s imprisonment.  
Id.
  

Texas law forbids imprisoning a person for debt and collecting attorney’s fees by contempt proceedings.  
See
 
Tex. Const.
 art. I, § 18; 
In re Moers
, 104 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  
However, attorney’s fees awarded in proceedings to 
enforce 
child support payments are not considered a debt and may be enforced through a contempt judgment.  
See
 
Tex. Fam. Code Ann.
 § 157.167
 (Vernon Supp. 2004-05)
; 
Ex parte Hightower
, 877 S.W.2d 17, 20 (Tex. App.—Dallas 1994, orig. proceeding).  But 
Texas courts have not extended the use of contempt for recovery of attorney’s fees beyond those incurred in enforcing the legal duties of spousal or child support, emphasizing that the power of contempt of court must be exercised with caution.  
See Bielefeld
, 143 S.W.3d at 929.

Furthermore, the Texas legislature has permitted attorney’s fees to be taxed as child support solely in section 157.167 of the family code, which is limited to child support 
enforcement 
proceedings. 
 See
 
Tex. Fam. Code Ann.
 § 157.167; 
Moers
, 104 S.W.3d at 612
.  
Subject to this single exception, section 106.002 provides that attorney’s fees awarded in a suit affecting the parent-child relationship
 may be enforced, not by contempt, but rather “by any means available for the enforcement of a judgment for debt
.”  
Tex. Fam. Code Ann.
 § 106.002(b)
; 
see
 
Moers
, 104 S.W.3d at 612.
(footnote: 2)
 The trial court originally ordered Joe to pay $31,174.09 in attorney’s fees in the divorce decree, not in an enforcement action.  Accordingly, the trial court could not enforce this award by contempt.  Nevertheless, Joe’s nonpayment of these fees formed the basis, at least in part, of the trial court’s order finding him in contempt
.  But because these fees were not incurred in the course of child support enforcement proceedings, the trial court abused its discretion in enforcing them by contempt.  
See 
Roosth v. Daggett
, 869 S.W.2d 634, 637 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding) (holding attorney’s fees awarded in divorce judgment creating, rather than enforcing, child support obligation a "debt" unenforceable by contempt).
  Accordingly, we hold that the trial court did not have authority to enforce payment of the attorney’s fees imposed in the divorce decree by contempt.  
See
 
Tex. Const.
 art. I, § 18; 
Tex. Fam. Code Ann.
 
§ 9.012(b).  

IV.  Conclusion

Having held that the trial court abused its discretion by ordering Joe jailed for contempt, we sustain Joe’s first and second points.  Because our ruling on these points is dispositive of Joe’s petition, we need not consider his remaining six points.  
See
 
Tex. R. App. P.
 47.1.  We grant Joe’s petition for writ of habeas corpus and order him released from bond and discharged from custody.

PER CURIAM 

PANEL B: MCCOY, HOLMAN, and GARDNER, JJ.

DELIVERED:  July 7, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
The family code also specifies that, in a suit to enforce a divorce decree, the court may not use a contempt order to enforce payment of money in the nature of a debt, subject to certain exceptions that are not applicable here.  
See
 
Tex. Fam. Code Ann.
 
§ 9.012(b) (Vernon 1998).