In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-486 CV


____________________



IN RE SHIRLEY LANGSTON






Original Proceeding






MEMORANDUM OPINION


 The trial court found Shirley Langston in contempt and ordered her put in jail. In
this habeas corpus proceeding, Shirley challenges her "impending incarceration" by
arguing that the trial court did not have statutory authority to hold her in contempt and that
the underlying order was not enforceable by contempt. 

 An original habeas corpus proceeding is a collateral attack on the contempt order. 
In re Bielefeld, 143 S.W.3d 924, 927 (Tex. App.--Fort Worth 2004, orig. proceeding). 
We review a habeas corpus petition to determine if the commitment order is void, either
because it was beyond the trial court's power to enter or because relator has not been
afforded due process. In re Henry, 154 S.W.3d 594, 596 (Tex. 2005). 

 Shirley and Robert were divorced on May 3, 2005. As part of the agreed divorce
judgment, the trial court ordered Robert to pay Shirley $89,300 within fourteen days of
the entry of the divorce decree. He complied. Shirley received the money on May 3,
2005, and that same day gave the money, minus $9,000 for attorney's fees, to her
daughters. 

 Robert petitioned the court to order Shirley to deposit the $89,300 into the registry
of the court should she file an appeal. Shirley filed her notice of appeal. Within thirty
days of the filing of the appeal, the trial court issued temporary orders requiring Shirley
to deliver $80,000 to the clerk of the court on July 25, 2005. The trial court specifically
stated the temporary order was issued to protect the rights and property of the parties. 
When Shirley did not deliver the money, Robert filed a contempt motion for failure to
obey the trial court's order. The trial court found Shirley "fraudulently transferred the
$80,000.00 to her children" and violated the temporary order by failing to deliver the
$80,000 to the court registry on July 25, 2005. The court found her in contempt and
ordered a thirty-day "incarceration" for the violation of the order and confinement
thereafter until she deposited the money into the registry of the court. 

 In our opinion in the appeal from the Langston's divorce judgment, issued this same
date, we held Shirley could not appeal the judgment because she accepted and disposed of
the benefits of the judgment. See Langston v. Langston, No. 09-05-00281 CV, __ Tex.
App. Lexis ____ (Tex. App.--Beaumont Jan. 19, 2006, no pet. h.); Waite v. Waite, 150
S.W.3d 797, 803, (Tex. App.--Houston [14th Dist.] 2004, pet. denied)(citing, among
others, Carle v. Carle, 149 Tex. 469, 234 S.W.3d 1002, 1004 (1950)). In the proceedings
below, the trial court found, pursuant to Tex. Fam. Code Fam. Ann. § 6.709 (Vernon
1998), that it had authority to issue the order requiring Shirley to place the $80,000 in the
registry of the court, though she had already lawfully received the money under the
judgment. Section 6.709 authorizes the trial judge to issue temporary orders during the
pendency of an appeal "for the preservation of the property and for the protection of the
parties during the appeal[.]" Id. Since we have concluded in our companion opinion that
Shirley cannot appeal the property division after having accepted and disposed of the
benefits of the judgment, the trial court's temporary order, grounded on section 6.709, no
longer has any purpose. The money was awarded to her in the judgment, and she was free
to give her money away. Accordingly, we grant the petition for writ of habeas corpus,
vacate the commitment order, and order relator Shirley Langston released from bond and
discharged from custody. 

 WRIT GRANTED. 

 PER CURIAM



Submitted on November 23, 2005

Opinion Delivered January 19, 2006


Before McKeithen, C.J., Gaultney, and Horton, JJ.