COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-086-CV

 

 

IN RE                                                                                    RELATOR

LINDSEY SCOTT ARMSTRONG

 

                                              ------------

                                    ORIGINAL
PROCEEDING

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








On December 11, 2008, the trial court signed an
order finding Lindsey Scott Armstrong in contempt of the trial court=s
October 17, 2008 temporary orders by failing to make the September, October,
and November 2008 mortgage payments as ordered. 
Armstrong was ordered confined in the Denton County Jail for a period of
180 days for each violation, to run concurrently, until he had complied with
the provisions of the temporary orders. 
The December 2008 order suspended the commitment and placed Armstrong on
community supervision for three years from the date of the order.  As terms and conditions of his community
supervision, Armstrong was ordered to

1.     Timely
pay the mortgage for the residence located at 250 Hilltop Drive, Justin, Texas,
until the property is sold or until further order of the Court[;]

 

2.     Pay
the September 2008, October 2008, and November 2008 mortgage for the residence
located at 250 Hilltop Drive, Justin, Texas in a timely manner[; and]

 

3.     Pay
attorney fees as ordered herein.

 

The December 2008 order also assessed $1,900 in attorney=s fees
against Armstrong and required him to make monthly payments of $100 towards the
attorney=s fees.








Real Party in Interest, Cynthia Ann Armstrong,
filed a motion to revoke the suspension of commitment on March 2, 2009.  In her motion, Cynthia argued that Armstrong
had failed to comply with the trial court=s
December 2008 order by failing to make the September, October, November, and
December 2008 and the January and February 2009 mortgage payments in a timely
manner.  Cynthia also alleged that
Armstrong had made only one payment of $19.00 towards the $1,900 in attorney=s
fees.  On March 12, 2009, after a hearing
on the matter, the trial court signed an order revoking the suspension of
commitment and ordering Armstrong committed to the county jail for 180 days for
the failure to make the December 2008 and January and February 2009 mortgage
payments and the failure to pay attorney=s fees
as ordered.

On March 19, 2009, Armstrong filed a petition for
writ of habeas corpus seeking release from the Denton County Jail and seeking
that the trial court=s December 11, 2008 order of
enforcement by contempt and suspension of commitment and March 12, 2009 order
revoking suspension of commitment and for commitment be declared void.  After the petition was filed, this court
ordered Armstrong released on a $100 bond pending the outcome of this original
proceeding.[2]  Armstrong complains he is imprisoned for
nonpayment of a debt in violation of the Texas Constitution.[3]  We grant habeas corpus relief.

A writ of habeas corpus will issue when a
contemnor has not been afforded due process or when a contempt or commitment
order is void.[4]








A trial court=s order
to pay a debt is unenforceable by confinement for criminal contempt because
such confinement would amount to imprisonment for debt in violation of article
I, section 18 of the Texas Constitution.[5]  In fact, even a willful failure to comply
with an order to pay a debt is not contempt punishable by imprisonment.[6]  An order imprisoning a person for failure to
pay a debt is therefore void.[7]

Here, the trial court=s
criminal contempt and commitment orders confining Armstrong for failure to pay
the mortgage payments imprison him for failure to pay a debt and are therefore
void.[8]  Consequently, we grant Armstrong=s
requested habeas corpus relief, vacate the two void orders, lift our order of
March 19, 2009, and order Armstrong released from bond and discharged from
custody immediately.

PER CURIAM

PANEL:  DAUPHINOT, LIVINGSTON,
and GARDNER, JJ. 

DELIVERED:  August 6, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P.
52.8(b)(3).





[3]See Tex. Const. art. I, ' 18.





[4]In re Henry, 154 S.W.3d 594, 596
(Tex. 2005) (orig. proceeding); In re Mann, 162 S.W.3d 429, 432 (Tex.
App.CFort Worth 2005, orig.
proceeding).





[5]See Tex. Const. art. I, ' 18; In re
McGonagill, No. 02‑07‑00034‑CV, 2007 WL 704888, at *3
(Tex. App.CFort Worth Mar. 5, 2007,
orig. proceeding) (mem. op.); In re Bielefeld, 143 S.W.3d 924, 927B28 (Tex. App.CFort Worth 2004, orig.
proceeding) (op. on reh=g).





[6]In re Estrello, 130 S.W.3d 391, 394
(Tex. App.CBeaumont 2004, orig.
proceeding).





[7]In re Bielefeld, 143 S.W.3d at 927B28.





[8]See In re McGonagill, 2007 WL 704888, at *3; In
re Bielefeld, 143 S.W.3d at 927B28.