02-10-216-CV
















 

 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT
WORTH

 

NO. 2-10-216-CV

 

 


 
 
 IN RE CHRIS EVAN REYNOLDS
 
 
                                               RELATOR
 
 


 

 

------------

 

ORIGINAL PROCEEDING

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          On June 23,
2010, Relator Chris Evan Reynolds filed a petition for writ of
habeas corpus alleging that he was being illegally confined and restrained in
the Wise County Jail pursuant to the trial court’s June 22, 2010 contempt order
and asking this court to order his immediate release and to find the trial
court’s order void.  Because the violated
order was not reduced to writing, we grant habeas corpus relief. 

Real Party in Interest Kimberly Reynolds
filed a motion in the trial court seeking a temporary order requiring Chris,
her estranged husband, to allow her access to their marital home to secure
numerous personal documents.  Kimberly
alleged that she could not access the marital home to secure the documents
without the order because of a temporary restraining order.  On June 14, 2010, the trial court held a
hearing on Kimberly’s motion and orally pronounced an order allowing her to
access the marital home between 4:00 p.m. and 6:00 p.m. on June 14, 2010, and
ordering Chris to leave all doors of the house unlocked on that day so that
Kimberly could locate and recover her property. 
Kimberly alleges that when she arrived at the marital home later that
day, she saw Chris leaving, the home was locked, and she was unable to gain
access.

On June 15, 2010, Kimberly filed a “Motion
for Contempt for Violation of Temporary Order,” which was heard by the trial
court on June 22, 2010.  At the
conclusion of the hearing, the trial court entered an order finding Chris in
contempt of the June 14, 2010 oral order for failing to allow Kimberly “access
to the marital home between the hours of 4:00 p.m. and 6:00 p.m. on June 14th.”
The trial court remanded him into the custody of the Wise County Sheriff for a
period of 180 days, suspended the commitment, and ordered Chris to be placed on
community supervision for a period of 180 days after serving a period of
forty-eight hours in the Wise County Jail. 
Following the hearing, Chris was detained and confined in the Wise
County Jail.

On June 23, 2010, Chris filed a petition for
writ of habeas corpus in this court seeking release from the Wise County Jail
and asking this court to void the trial court’s June 22, 2010 order because it
was improperly issued.  On June 24, 2010,
this court ordered Chris released on his own recognizance pending the outcome
of this original proceeding.[2]

Chris complains that he was being illegally
confined because he was not personally served with the “Motion for Contempt for
Violation of Temporary Order” and notice of the hearing and because the order
he is alleged to have violated was an oral order that was not reduced to
writing.

An original habeas corpus proceeding is a collateral
attack on the contempt judgment.[3]  A writ of habeas corpus will issue when the relator has
not been afforded due process, or when the order requiring confinement is void.[4]  Guilt or innocence of the relator is not an issue; the
only issue concerns the lawfulness of the relator’s imprisonment.[5]

For a party to be held in contempt for disobeying a court
order, it “must spell out the terms of compliance in clear, specific and
unambiguous terms so that [the party] will readily know what duties and
obligations are imposed on him.”[6]  “A corollary to this rule is that a party . .
. should be able to find somewhere in the record the written order which meets
[those] requirements.  It is the written
order . . . which evidences a party[’s] rights and duties.”[7]  Further, to satisfy due process, the written
order must be available for a party to consult concerning his obligations and
duties before he acts.[8]  Consequently, courts have
consistently held that a contemnor cannot be held in constructive contempt for
an act occurring before the order violated is written.[9]

If this court concludes that a
relator was deprived of his liberty without due process of law, or that the
contempt and commitment orders are void, we must order the relator’s release.[10]

The contempt order at issue here finds that Chris violated
the trial court’s June 14, 2010 order by failing to permit Kimberly “access to
the marital home between the hours of 4:00 p.m. and 6:00 p.m. on June 14th.”  There is no dispute that the trial court’s
June 14, 2010 oral order was not reduced to writing.  Accordingly, it was not enforceable by contempt.[11]

We therefore
hold that the trial court abused its discretion by entering its June 22, 2010
order finding Chris in contempt of the trial court’s June 14, 2010 oral
order.  Because of our disposition of
Chris’s second issue, we need not address his first issue.[12]

Having determined that the trial court abused
its discretion by entering the June 22, 2010 order finding Chris in contempt,
we grant Chris’s requested habeas corpus relief, vacate the trial court’s June
22, 2010 order, lift our June 24, 2010 order, and order Chris released from
bond and discharged from custody immediately.

 

 

                                                                             
 
 
 
 
 
 
 
 
 LEE ANN DAUPHINOT

                                                                             
 
 
 JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

 

DELIVERED:  September 30, 2010











[1]See Tex. R.
App. P. 47.4.





[2]See
Tex. R. App. P. 52.8(b)(3).





[3]See
Ex parte Rohleder, 424 S.W.2d
891, 892 (Tex. 1967) (orig. proceeding); In re Bielefeld, 143 S.W.3d
924, 927 (Tex. App.—Fort Worth 2004, orig. proceeding) (op. on reh’g).  





[4]In
re Henry, 154 S.W.3d 594, 596 (Tex. 2005)
(orig. proceeding); In re Mann, 162 S.W.3d 429, 432 (Tex. App.—Fort
Worth 2005, orig. proceeding).





[5]See
Henry, 154 S.W.3d at 596; Mann, 162
S.W.3d at 432.  





[6]Ex parte Price,
741 S.W.2d 366, 367 (Tex. 1987) (orig.
proceeding); Ex
Parte Slavin, 412 S.W.2d 43, 44 (Tex. 1967) (orig.
proceeding).





[7]Price, 741
S.W.2d at 367.





[8]Id.





[9]Ex
parte Guetersloh, 935 S.W.2d 110, 111 (Tex. 1996) (orig.
proceeding); Bielefeld,
143 S.W.3d at 931.





[10]See
In re Henry, 154 S.W.3d at 596; Ex parte
Swate, 922 S.W.2d 122, 124 (Tex. 1996) (orig. proceeding); In re
Alexander, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig.
proceeding).





[11]See
Guetersloh, 935
S.W.2d at 111; Bielefeld, 143 S.W.3d at
931.





[12]See Tex. R.
App. R. 47.1.