

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-10-216-CV

IN RE CHRIS EVAN REYNOLDS                    RELATOR

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

On June 23, 2010, Relator Chris Evan Reynolds filed a petition for writ of habeas corpus alleging that he was being illegally confined and restrained in the Wise County Jail pursuant to the trial court's June 22, 2010 contempt order and asking this court to order his immediate release and to find the trial court's order void. Because the violated order was not reduced to writing, we grant habeas corpus relief.

Real Party in Interest Kimberly Reynolds filed a motion in the trial court seeking a temporary order requiring Chris, her estranged husband, to allow her

---

[1]See Tex. R. App. P. 47.4.

access to their marital home to secure numerous personal documents. Kimberly alleged that she could not access the marital home to secure the documents without the order because of a temporary restraining order. On June 14, 2010, the trial court held a hearing on Kimberly's motion and orally pronounced an order allowing her to access the marital home between 4:00 p.m. and 6:00 p.m. on June 14, 2010, and ordering Chris to leave all doors of the house unlocked on that day so that Kimberly could locate and recover her property. Kimberly alleges that when she arrived at the marital home later that day, she saw Chris leaving, the home was locked, and she was unable to gain access.

On June 15, 2010, Kimberly filed a "Motion for Contempt for Violation of Temporary Order," which was heard by the trial court on June 22, 2010. At the conclusion of the hearing, the trial court entered an order finding Chris in contempt of the June 14, 2010 oral order for failing to allow Kimberly "access to the marital home between the hours of 4:00 p.m. and 6:00 p.m. on June 14th." The trial court remanded him into the custody of the Wise County Sheriff for a period of 180 days, suspended the commitment, and ordered Chris to be placed on community supervision for a period of 180 days after serving a period of forty-eight hours in the Wise County Jail. Following the hearing, Chris was detained and confined in the Wise County Jail.

On June 23, 2010, Chris filed a petition for writ of habeas corpus in this court seeking release from the Wise County Jail and asking this court to void the trial court's June 22, 2010 order because it was improperly issued. On June 24,

2

2010, this court ordered Chris released on his own recognizance pending the outcome of this original proceeding.[2]

Chris complains that he was being illegally confined because he was not personally served with the "Motion for Contempt for Violation of Temporary Order" and notice of the hearing and because the order he is alleged to have violated was an oral order that was not reduced to writing.

An original habeas corpus proceeding is a collateral attack on the contempt judgment.[3] A writ of habeas corpus will issue when the relator has not been afforded due process, or when the order requiring confinement is void.[4] Guilt or innocence of the relator is not an issue; the only issue concerns the lawfulness of the relator's imprisonment.[5]

For a party to be held in contempt for disobeying a court order, it "must spell out the terms of compliance in clear, specific and unambiguous terms so that [the party] will readily know what duties and obligations are imposed on

---

[2]See Tex. R. App. P. 52.8(b)(3).

[3]See Ex parte Rohleder, 424 S.W.2d 891, 892 (Tex. 1967) (orig. proceeding); In re Bielefeld, 143 S.W.3d 924, 927 (Tex. App.—Fort Worth 2004, orig. proceeding) (op. on reh'g).

[4]In re Henry, 154 S.W.3d 594, 596 (Tex. 2005) (orig. proceeding); In re Mann, 162 S.W.3d 429, 432 (Tex. App.—Fort Worth 2005, orig. proceeding).

[5]See Henry, 154 S.W.3d at 596; Mann, 162 S.W.3d at 432.

him."[6]  "A corollary to this rule is that a party . . . should be able to find somewhere in the record the written order which meets [those] requirements.  It is the written order . . . which evidences a party['s] rights and duties."[7]  Further, to satisfy due process, the written order must be available for a party to consult concerning his obligations and duties before he acts.[8]  Consequently, courts have consistently held that a contemnor cannot be held in constructive contempt for an act occurring before the order violated is written.[9]

If this court concludes that a relator was deprived of his liberty without due process of law, or that the contempt and commitment orders are void, we must order the relator's release.[10]

The contempt order at issue here finds that Chris violated the trial court's June 14, 2010 order by failing to permit Kimberly "access to the marital home between the hours of 4:00 p.m. and 6:00 p.m. on June 14th."  There is no dispute

---

[6]*Ex parte Price*, 741 S.W.2d 366, 367 (Tex. 1987) (orig. proceeding); *Ex Parte Slavin,* 412 S.W.2d 43, 44 (Tex. 1967) (orig. proceeding).

[7]*Price*, 741 S.W.2d at 367.

[8]*Id.*

[9]*Ex parte Guetersloh*, 935 S.W.2d 110, 111 (Tex. 1996) (orig. proceeding); *Bielefeld*, 143 S.W.3d at 931.

[10]*See In re Henry*, 154 S.W.3d at 596; *Ex parte Swate*, 922 S.W.2d 122, 124 (Tex. 1996) (orig. proceeding); *In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding).

that the trial court's June 14, 2010 oral order was not reduced to writing. Accordingly, it was not enforceable by contempt.[11]

We therefore hold that the trial court abused its discretion by entering its June 22, 2010 order finding Chris in contempt of the trial court's June 14, 2010 oral order. Because of our disposition of Chris's second issue, we need not address his first issue.[12]

Having determined that the trial court abused its discretion by entering the June 22, 2010 order finding Chris in contempt, we grant Chris's requested habeas corpus relief, vacate the trial court's June 22, 2010 order, lift our June 24, 2010 order, and order Chris released from bond and discharged from custody immediately.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: September 30, 2010

---

[11]*See Guetersloh*, 935 S.W.2d at 111; *Bielefeld*, 143 S.W.3d at 931.

[12]*See* Tex. R. App. R. 47.1.